## Bettie Watkins et al. v. M. Sansom et al.

### Decided November 4, 1899.

**1. Administrator—Protection as to Payment Made—Approval and Discharge.**

Where, during the pendency of an administration on a decedent's estate in the probate court, a judgment was rendered in the District Court in a partition suit to which the temporary administrator was not a party, directing that a certain sum of the moneys of such estate be paid by him to H. and his two minor children, and thereafter he paid such sum to H. for the children, and upon his report thereof to the probate court it entered an order of approval and of his final discharge, as such administrator, such order was a full defense to an action by the children to recover such money from him, since the District Court had no jurisdiction of the estate while such administration was pending, nor of the administrator who was not a party to the partition suit therein.

**2. Same—Joinder—Trust—Conversion—Parties.**

One who wrongfully receives money from a trustee, such as an administrator, and converts it to his own use, may be made a codefendant with the administrator in an action to enforce the trust, and although the latter may be protected by an order of court, the codefendant may, if the facts justify it, be held liable.

APPEAL from Johnson. Tried below before Hon. W. C. Wear, Special Judge.

*Davis & McKoy,* for appellants.

*Poindexter & Padelford,* for appellees.

RAINEY, ASSOCIATE JUSTICE.—This suit was brought by Bettie Watkins, joined by her husband, T. W. Watkins, against M. Sansom and J. M. Hill, seeking, first, to recover of Sansom, and in the alternative against Hill. The plaintiff, Bettie Watkins, sues to recover two-thirds of $4000, one-third of which she claims as heir of her mother and the other third as assignee of her sister's interest in her mother's estate. The basis of her claim is that Sansom received this money as temporary administrator of the estate of her grandfather, Dr. Atchley, and had not paid same over to her, she being entitled thereto, but had wrongfully paid same over to J. M. Hill; and she prayed, in the event Sansom was relieved from liability by reason of having so paid it over, that she have judgment against Hill.

Among other things Sansom pleaded a general denial, and that he had been appointed by the probate court temporary administrator of the estate of Dr. Atchley, and as such had made to said court his final account, showing the payment of said $4000 to said Hill, which action had been approved and he discharged. Sansom also pleaded that there was a misjoinder of parties defendant, which was sustained by the court, and plaintiff was required to select which defendant she would proceed against. She selected Sansom, and the court dismissed Hill from the case, to which action plaintiff excepted. A trial was had as to Sansom and judgment rendered in his favor, and plaintiff prosecutes this appeal.

The proof shows that Dr. C. Atchley and M. A. Atchley were husband and wife; the only issue of this marriage was Maggie I. Atchley, who married J. M. Hill, one of the defendants, and to this union was born Bettie and Willie. Bettie married T. W. Watkins, and Willie married one Lary.

Mrs. M. A. Atchley died in 1869, leaving surviving her Dr. Atchley, her husband, and Maggie I. Hill, her child. In 1871, Dr. C. Atchley married again. Two children were born to this marriage, Arthur and Annie. In 1882 Dr. Atchley died, leaving surviving him his second wife, Winnie, and her two children, Arthur and Annie, and his daughter Maggie I. Hill, by the first marriage, who died August 26, 1883. At the death of Dr. Atchley he was possessed of a large estate, being the separate property of himself and the community property of himself and his two wives. Dr. Atchley left a will disposing of this property, and nominating J. M. Hill his executor. Hill took possession of said estate, and made application to the probate court of Johnson County for the probate of said will, which application was contested by Mrs. Winnie Atchley. During the pendency of said contest the probate court, on January 17, 1883, appointed M. Sansom temporary administrator of said estate, with power to take possession of said estate, to collect debts due same, pay claims, preserve the property, etc., and do such other act or acts as might

be authorized under the laws of this State, "when specially ordered to do said act and acts by the court."

On November 4, 1883, J. M. Hill and his two minor children, Bettie and Willie, filed a petition in the District Court of Johnson County, Texas, making Mrs. Winnie Atchley and her two children, Arthur and Annie, defendants, and on same day judgment was rendered in said case partitioning the estate of Dr. Atchley, deceased, between the parties. One provision of said judgment is, that the sum of $4000 in money of the said estate be set apart and paid over to the said J. M. Hill, Willie Hill, and Bettie Hill by M. Sansom, the temporary administrator of said estate. Sansom was not a party to this proceeding.

On February 26, 1884, Sansom filed in the probate court of Johnson County his final report as temporary administrator of said estate. The report sets forth what had been received and disbursed and the amount on hand. One item credited is stated as follows: "To J. M. Hill, for minor heirs M. T. Hill, deceased, $4000." He further stated in his report "that he had paid and turned over to J. M. Hill the sum of $4000 for the minor heirs of Maggie I. Atchley, as is shown by exhibit B, and in accordance with the decree of the District Court." He further stated as follows: "Your administrator shows that the time for which he was appointed has expired; that he wishes to be discharged of his trust; that the estate and the methods in which it should be partitioned was settled by decree of the District Court of Johnson County, Texas. That J. M. Hill, as the father of the minor heirs of Maggie I. Hill, had in his possession more than a sufficient amount of money than was decreed to said minor heirs, their portion in money being $4000; that the said Hill retained in his hand, for himself and said minors, said sum of $4000. That said Hill has in his possession all the real estate set apart to said minor heirs of said Maggie I. Hill, deceased, by said decree of the District Court. That Mrs. A. W. Atchley, in her own right and as the guardian of the minor heirs of C. Atchley, deceased, to wit, Arthur and Annie Atchley, has taken possession of all the real estate set apart to them. That the said Mrs. A. W. Atchley, neither in her own right nor as guardian for Arthur and Annie Atchley, has not received any money or choses in action decreed and set apart to them by said decree of the District Court of Johnson County, Texas."

On March 3, 1884, said report was acted upon, the court making the following order: "This cause came on to be heard upon the final account of Marion Sansom, temporary administrator of said estate, filed herein February 26, 1884, and the court thereupon proceeded to the examination of said account; and after a careful examination of same and comparison of same with vouchers accompanying said final account, it is ordered that the same be approved. And whereas it appears to the court that there is now no necessity for further administration of said estate, it is therefore ordered that the said temporary administrator deliver to Mrs. A. W. Atchley, for herself and as guardian of the estate of Arthur and Annie Atchley, minors, all the money, choses in action, and

all real and personal property now in his possession as such temporary administrator. It is further ordered that the expense and cost of temporary administration be paid out of the estate of said decedent to said M. Sansom, temporary administrator. It is further ordered that upon compliance by the said temporary administrator with the terms of this order, that the said temporary administration be declared closed and said administrator be discharged from his trust. It is further ordered that said final account, together with exhibits B and C and receipt of J. M. Hill, dated December 28, 1883, be admitted to record on the minutes of the court."

The foregoing embraces all the facts that we deem necessary to state for a proper understanding of the issues upon which we base our disposition of the case. Several assignments of error are urged as sufficient grounds for the reversal of the judgment of the court below. We do not consider it necessary, however, to discuss all of them, as there is one which is, in our opinion, conclusive as to the right of plaintiffs to recover of Sansom in this case. That issue is the effect of the judgment of the probate court approving Sansom's report and discharging him as temporary administrator of Dr. Atchley's estate.

The Constitution and laws of this State invest the probate court with jurisdiction to administer the estates of decedents. The probate court of Johnson County acquired jurisdiction of Dr. Atchley's estate and appointed Sansom temporary administrator. He was subject to and under its control, and when his acts relating to the estate were passed upon by said court, its orders and decrees in relation thereto were conclusive unless vacated in a proper proceeding, which it is not claimed was ever done.

The judgment of the District Court relied on by appellants was rendered in a proceeding instituted after the probate court had assumed jurisdiction of the estate, and when the probate court was still exercising jurisdiction over same. Besides, Sansom was not a party to the proceedings in the District Court. Under this condition of facts the District Court acquired no jurisdiction over Sansom or of the estate so as to affect the jurisdiction of the probate court, and the decree of the probate court approving Sansom's account and discharging him is binding and a full protection against the recovery sought by appellant against him. Branch v. Hanrick, 70 Texas, 731; Franks v. Chapman, 60 Texas, 46; Buckhannon v. Bilger, 64 Texas, 589; Sabrinos v. Chamberlain, 76 Texas 624.

We think the lower court erred in holding there was a misjoinder of defendants and in requiring plaintiffs to select which defendant they would proceed against, and in dismissing defendant Hill from the case. The plaintiffs alleged that Sansom had paid over to Hill plaintiffs' part of the $4000, which was wrongfully done, and that Sansom was responsible therefor, but if Sansom was relieved by reason of the action of the probate court, then judgment was asked against Hill. The property sought to be recovered was assets of the estate with which both Sansom

and Hill were connected according to the allegations of plaintiffs' petition. In Love v. Keowne, 58 Texas, 191, the principle is announced that one who improperly obtains from the trustee a part of the trust estate is a proper party to a suit against the trustee to enforce the purposes of the trust. We think this principle applies to this case. If the payment by Sansom to Hill of the $4000 was wrong, and he (Sansom) had not been relieved from liability by the judgment of the probate court, then an action against both was proper. The pleader, anticipating the defense of Sansom, asks in the alternative a judgment against Hill.

A state of facts may exist under which Sansom should be held protected by the orders of the probate court in paying the money to Hill, while the orders should not be regarded as a shield to Hill in the appropriation of the money to his own use and benefit. Under our system of pleading and practice no good reason is seen why the two may not be joined in one suit and the relief obtained against both or either, as the facts may show liability. As the case has not been tried on its merits as to Hill, we deem it improper to discuss the question of his liability under the evidence as shown upon the trial. The single question of misjoinder of parties upon the face of the pleadings is raised as to Hill, and we merely determine that there is no misjoinder.

The judgment is affirmed as to Sansom, and reversed and remanded as to Hill.

*Affirmed as to defendant Sansom.*
*Reversed and remanded as to defendant Hill.*

Writ of error refused.