WHITE v. BEDELL et al. (No. 7242.)

(Court of Civil Appeals of Texas. Dallas. Jan. 16, 1915. Rehearing Denied Feb. 13, 1915.)

1. JUDGMENT ☞475 — FINAL JUDGMENT — COLLATERAL ATTACK.

Final judgments, including a final judgment of the county court rendered in matters within its probate jurisdiction, can only be directly attacked by a proceeding instituted for that purpose, and set aside only for want of jurisdiction or for mistake or fraud in their rendition; otherwise remaining valid and not subject to collateral attack in another proceeding.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 910; Dec. Dig. ☞475.]

2. GUARDIAN AND WARD ☞105—CONFIRMATION OF GUARDIAN'S SALE—VACATION—COLLATERAL ATTACK.

Where the probate court of H. county authorized guardian to sell certain land of his minor ward at private sale and confirmed the sale, reciting that it was fairly made, the same court, on application for the guardian's removal and the appointment of petitioner and for judgment against the guardian for misappropriation of the ward's money, without service on the guardian or upon his sureties, had no jurisdiction to reopen or set aside the sale and render judgment against the guardian and his sureties for his gross negligence in selling for less than actual value.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 383–389; Dec. Dig. ☞105.]

3. GUARDIAN AND WARD ☞182—GUARDIAN'S BOND — LIABILITY OF SURETIES — JURISDICTION.

In such case, the probate court had no jurisdiction to decree an indebtedness against the sureties on the guardian's bond, since it had no jurisdiction as to them.

[Ed. Note.—For other cases, see Guardian and Ward, Cent. Dig. §§ 423, 623–636, 638–652, 654–663; Dec. Dig. ☞182.]

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Action by Mrs. M. J. White, as guardian of the estate of Lucile Spinks, a minor, against A. E. Bedell and others. Judgment for plaintiff, and she appeals. Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Morrow & Morrow, of Hillsboro, for appellant. T. H. Jackson and F. E. McKee, both of Hillsboro, for appellees.

RAINEY, C. J. Statement of the case taken from the brief of appellee, to wit:

"This suit was instituted by Mrs. M. J. White, as guardian of the estate of Lucile Spinks, a minor, against A. E. Bedell, a former guardian of said estate, and the American Surety Company of New York, surety on Bedell's bonds as such guardian, to recover the aggregate sum of $2,017.35, with interest as specified in the petition. Plaintiff in her first amended original petition, upon which the case was tried in the court below, makes, substantially, the following allegations: That A. E. Bedell was duly appointed by the county (probate) court of Hill county, Tex., guardian of the estate of Lucile Spinks, and duly qualified as such with the defendant surety company surety on his bond as guardian. That, while guardian of the estate of said minor, said Bedell, on the following dates, collected the following sums of money on account of said estate and appropriated the same to his own use: On the 8th day of January, 1910, the sum of $653.90; on the 9th day of January, 1911, the sum of $364; and on the 9th day of January, 1912, the sum of $343.20. She also alleged that these items had been adjudged as liabilities against said Bedell and his surety by the probate court of Hill county, Tex., in a decree therein rendered on the 9th day of May, 1913, and that in such decree the probate court had also found that the said Bedell, as guardian, had, under the orders of said court, sold a tract of land belonging to the estate of said minor, consisting of 43⅔ acres, at a price of $45 per acre, when said land was in fact worth $60 per acre; that said guardian knew that said land was worth $60 per acre; that in selling at the price he did he was grossly negligent; and that he and his surety were therefore liable to said estate in the sum of $656.25, being the difference between the value of the land at $60 per acre and the amount it actually brought at $45 per acre. The defendant surety company admitted that on the 8th day of January, 1910, A. E. Bedell, as such guardian, under the orders of the probate court of Hill county, Tex., sold to J. E. and T. I. Edens 43⅔ acres of land in Hill county, Tex., for a consideration of $653.90 cash and five notes of the purchasers, secured by vendor's lien on the land, each in the principal sum of $260, due, respectively, January 9, 1911, 1912, 1913, 1914, and 1915, with interest at the rate of 8 per cent. per annum, payable annually, and that on the 8th day of January, 1910, he collected the cash payment of $653.90; that on the 9th day of January, 1911, he collected the sum of $364, the amount of the first note and annual interest on the others; and that on the 9th day of January, 1912, he collected the sum of $343.20, the amount of the second note and annual interest on those still outstanding. It was also admitted that said guardian accounted to the estate of his ward for none of these amounts.

"The defendant surety company contended, however, that neither it nor Bedell were liable to the estate of the minor for the item of $656.25, the difference between the alleged value of the land and what it actually sold for under the orders of the probate court, because: First. The sale was regularly made under a valid order of sale rendered by the probate court of Hill county, Tex., having jurisdiction of the parties and the matter. That the sale was duly reported to the probate court showing the exact terms upon which it was made, and the same as shown above, and that the sale was only consummated after the probate court had duly considered the report of sale and had duly confirmed it by an order of record on the minutes

173 S.W.—40

of said court, and that such order of confirmation, dated January 11, 1910, has never been attacked nor set aside. That the order of the court relied upon by plaintiff, being rendered upon the application of M. J. White for the removal of Bedell as guardian and the appointment of herself in his stead and in which no assault was made upon the order of confirmation nor fraud practiced upon the court alleged, was, in so far as it attempted to fix any liability against the guardian and his surety, wholly void and of no effect. Second. That portion of the decree rendered by the probate court of Hill county on the 9th day of May, 1913, attempting to adjudge against the guardian and the surety on his bond any liability in favor of said estate, was wholly void and of no effect whatever, because said decree was rendered upon the application of Mrs. M. J. White, filed on the 8th day of May, 1913, the day before the rendition of said decree, in which she suggested the removal of the guardian from the state of Texas, and alleged that he had misappropriated funds belonging to the estate, and on these grounds sought his removal and her appointment in his stead, and the only matters that the probate court in this proceeding had the power to determine was whether or not Bedell had removed from the state of Texas, and whether or not Mrs. White should be appointed guardian in his stead.

"The trial court rendered judgment for the aggregate amount of the sums of money admitted to have been collected and appropriated by Bedell, but denied plaintiff any recovery on account of the alleged difference between the actual value of the land sold and the amount received therefor."

The appeal is taken by plaintiff White from the action of the court in not rendering judgment for the further sum of $656.25, and interest, being the difference between the real value of the land and what it was sold for by Bedell.

The facts, about which there is no dispute, are, in effect, that Bedell was appointed by the probate court of Hill county guardian of the estate of Lucile Spinks, minor, and he duly qualified as such. On January 7, 1910, the probate court entered an order authorizing said Bedell to sell the land of said minor at private sale, which sale was made on the 8th day of said month, and report made to the said court, which report was, on the 11th day of said month, duly approved by an order entered upon the minutes of said court, which recites that:

"From said report of sale and from the evidence * * * the price for which said tract of land was sold is a fair and adequate price for the same, and that the sale of said tract of land was in all respects fairly made and in conformity with law and with the orders of this court, and that it is to the interest of said estate for sale to be confirmed."

It was therefore decreed "that said sale be and hereby is in all respects approved and confirmed by the court," and conveyance ordered made to the purchaser. On May 8, 1913, Mrs. M. J. White, appellant, who is an aunt of Lucile Spinks, filed with the probate court an application for the removal of Bedell as guardian, and praying that she be appointed such, and alleging, in effect, that Bedell had left the state and his residence unknown, but was informed he was in South America; that he had sold the ward's land by

order of the court, had received part cash and balance in promissory notes in payment of same, which notes had since been collected; and that he had not turned over any thereof to, nor paid it out for the benefit of, said minor, but had appropriated it to his own use. She further alleged other moneys collected and misappropriated, the exact amount not known. She prayed that the amount due by said Bedell be determined, that he be removed, and that she be appointed guardian of said minor.

On the next day, May 9, 1913, the court heard the application of Mrs. White and entered a decree removing Bedell as guardian, and appointing Mrs. White, and reciting:

"And it appearing to the court that the said A. E. Bedell has removed from the state of Texas, and from the United States, and that his exact residence and address is unknown, and it further appearing to 'the court that the said A. E. Bedell has misapplied property belonging to the estate of said minor, Lucile Spinks, and has been guilty of gross mismanagement in the performance of his duties as guardian, it is hereby ordered, adjudged, and decreed by the court that the said A. E. Bedell, guardian, be and he is hereby removed from the guardianship of the estate of said Lucile Spinks, and he is no longer further authorized to perform any duties as such guardian, and he is hereby required to surrender his letters of guardianship, and he is also further required to deliver the estate of the said Lucile Spinks now in his hands to M. J. White, or her successor, upon her or their qualification as guardian of said estate."

Then, after decreeing Bedell to be indebted to the ward, it further decrees:

"And it further appearing to the court that at the said time said land was worth a great deal more than $45 per acre, and was worth the sum of, to wit, $60 per acre, and the action of A. E. Bedell as guardian in contracting to sell said land at said sum of $45 per acre was grossly negligent, and that the sale of the same at said sum was knowingly made in disregard of his duties as guardian, and that by reason of the above facts, and all the facts adduced upon this hearing, it is the order and finding of the court that the said A. E. Bedell is indebted to the said estate of Lucile Spinks, minor, in the sum of $656.25, together with 6 per cent. interest thereon from the said 9th day of January, 1910, being a difference between what said land sold for, and what the same was reasonably worth and should have sold for. It is further the judgment and decree of the court that the surety for said A. E. Bedell is indebted as such surety to the said estate in the above-named amounts upon its bonds, the first of date May 24, 1904, and the second of date October 11, 1904, which are both now valid and subsisting obligations. And it further appearing to the court that M. J. White, of Kaufman county, Tex., has made application to be appointed guardian of the estate of Lucile Spinks, and it appearing that she is a proper person, and it further appearing that she has been selected by the said Lucile Spinks as her guardian, and it further appearing that the said Lucile Spinks is more than 14 years of age, it is hereby ordered, adjudged, and decreed by the court that the said M. J. White be and she is hereby appointed guardian of the estate of Lucile Spinks, minor, upon her filing an inventory and appraisement, and a bond in the sum of double the appraised value of the estate, conditioned as required by law, and upon her complying with the provisions of the law."

It was shown that the American Surety Company was surety on Bedell's guardian bond.

The only assignment presented is:

"Because the court erred in failing to enter judgment in favor of plaintiff on the item of $656.25 with interest from the 9th day of January, 1910, it appearing from the evidence that the county court of Hill county sitting in probate on the 9th day of May, 1913, after the removal of A. E. Bedell, guardian of the minor, Lucile Spinks, judicially determined that said guardian, A. E. Bedell, was indebted to the said minor, Lucile Spinks, for the said sum of $656.-25 with 6 per cent. interest from the 9th day of January, 1910, and that said court had entered its decree and judgment establishing said item as due by said guardian and the sureties on his bond, it further appearing that the American Surety Company was the surety upon said bond of A. E. Bedell as guardian, and that, after the removal of said A. E. Bedell as guardian, the plaintiff, M. J. White, was duly appointed and qualified as the guardian of said minor."

[1] The proposition submitted under this assignment is:

"The judgment of the county court sitting in probate in a collateral proceeding in another court must be given absolute verity, unless on its face it appears that the county court had no jurisdiction when the judgment was rendered."

We concede that the county court is given general jurisdiction over probate matters, and its final judgments, when rendered in matters within that jurisdiction, cannot be collaterally attacked. This is but stating the rule that applies to final judgments rendered by all courts of general jurisdiction over the matter decided. Final judgments can only be directly attacked by a proceeding instituted for that purpose, and can be set aside only for want of jurisdiction or for mistake, or fraud in their rendition; otherwise they remain valid and are not subject to collateral attack in another proceeding.

[2] But did the probate court of Hill county have jurisdiction of the matter here in controversy in the proceeding it had on the 9th day of May, 1913, under the circumstances then existing, which rendered it not open to a collateral attack? The records of the probate court of Hill county in the guardianship of Lucile Spinks, minor, show that on January 7, 1910, by an order duly entered, Bedell, guardian, was authorized to sell certain land of the ward, at private sale; that it was sold on January 8, 1910, which sale was reported to the court, and on the 11th day of said month said sale was duly confirmed, the court reciting in its judgment that said sale was fairly made. Over three years afterwards, to wit, on May 8, 1913, Mrs. White filed in said court an application for Bedell's removal as guardian, and that she be appointed in his stead, and that judgment be rendered against Bedell for the money he had misappropriated of the ward's. On the next day, the court heard the case and rendered the judgment relied on by appellant for a recovery in this case. The judgment recites that Bedell was beyond the

confines of the United States, which necessarily shows that no kind of service whatever was attempted to be served on Bedell or his sureties, and the judgment was rendered against him and his sureties for his gross negligence in failing to receive more for the land than he did, in the sum of $656.-25, beside what he had received and had not accounted for as such guardian. There was no charge in Mrs. White's application that Bedell had sold the land for less than its value, nor was there any charge that in any way attacks the former judgment confirming the sale of the land. We therefore take it that the court in rendering the judgment acted on its initiative, which he had no power to do, at a succeeding term of the court. Davis v. Stewart, 4 Tex. 223. In rendering the judgment in January, 1910, the court adjudicated the issue of fairness in making the sale on the part of Bedell, and that question was settled and binding on all parties at the end of the term at which it was rendered, and the court had no power to reopen it, unless upon a direct attack for that purpose. The order of May 9, 1913, was not rendered in a direct proceeding attacking the order confirming the sale of the land, and, the order showing upon its face that it was not such, it did not supersede the judgment of 1910 on which Bedell and his sureties had the right to rely. Murchison v. White, 54 Tex. 78; Crawford v. McDonald, 88 Tex. 630, 33 S. W. 325.

[3] The order of May 9, 1913, also decreed an indebtedness against the sureties on Bedell's bond. This action of the court is at least void as to said sureties, the probate court having no jurisdiction of them. Timmins v. Bonner, 58 Tex. 554.

Believing the court ruled correctly in refusing appellant judgment for the $656.25, claimed for gross negligence in the sale of the land by Bedell, the judgment is affirmed.

⊂⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes