## ALEXANDER et al. v. ALEXANDER. (No. 9153.)

(Court of Civil Appeals of Texas. Dallas. Oct. 11, 1924. Rehearing Denied Nov. 8, 1924.)

**1. Venue ⊂⇒22(1)—Codefendants properly sued in county where one defendant resided.**

In suit brought in county where one defendant resided, other defendants, who were proper parties to the suit, were properly suable in county where action was brought, under Rev. St. art. 1830, subd. 4.

**2. Parties ⊂⇒29 — Every person having direct and ascertainable interest in subject-matter of litigation is "proper party."**

Every person having direct and ascertainable interest in subject-matter of litigation, which may be affected by court's action in the suit, is a "proper party."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Proper Party.]

**3. Partnership ⊂⇒200—Defendants to whom plaintiff's stock transferred by another defendant held proper parties.**

If plaintiff in suit against guardian illegally appointed, and partners to whom he had transferred stock to recover stock or its value, succeeded in establishing her cause of action, interest of copartners would be affected, and hence they were proper parties.

**4. Guardian and ward ⊂⇒130—Petition in action to recover stock held to state cause of action.**

Petition in action to recover certain stock, or its value, from plaintiff's guardian illegally appointed, and persons to whom he had transferred it, held to state cause of action sufficient in absence of special exceptions.

Appeal from District Court, Dallas County; Louis Wilson, Judge.

Action by Gertrude Alexander against Samuel Alexander and others. From a judgment overruling their plea of privilege, defendants appeal. Affirmed.

Randolph L. Carter, of San Antonio, for appellants.

Read, Lowrance & Bates, of Dallas, for appellee.

LOONEY, J. Gertrude Alexander, a minor, by her mother, Nettie W. Alexander, as

next friend, sued her father, Samuel Alexander, alleged to be a resident citizen of Dallas county, Tex., the Seguin State Bank & Trust Company, a banking corporation domiciled at Seguin, in Guadalupe county, Tex., and Carter & Lewis, a copartnership, composed of H. H. Carter, Champ G Carter, R. L. Carter, and P J. Lewis, alleged to reside in Bexar county, Tex., for the recovery of certain stock of the defendant bank, or for its value.

Plaintiff alleged, in substance, that she was the owner of 55 shares of the capital stock of the Seguin State Bank & Trust Company, of the reasonable value of $218 per share; that the same was bequeathed to her by her aunt, Hattie Balkam, whose will had been duly probated in the county court of Bexar county, Tex., in which testatrix attempted, illegally, to appoint defendant Samuel Alexander testamentary guardian of plaintiff, without bond, and free from the control of the courts. She further alleged that the defendant Samuel Alexander secured possession of the 55 shares of stock belonging to her, and is attempting to waste and dispose of the same, and to deprive her of the ownership, use, and benefit of same; that the said Samuel Alexander without authority, transferred and delivered to the appellants two certificates of said stock, calling for 10 shares each; and that appellants transferred and delivered one of said certificates representing 10 shares of the stock to the defendant bank, either by an act of sale or as collateral security

Plaintiff further alleged that her mother and father were divorced by decree of the district court of Dallas county, in which decree she was committed to the custody of her mother. Her prayer was for judgment against defendants, and each of them, as her rights may appear, for the stock or its value, etc.

Appellants duly filed their plea of privilege in statutory form, praying that the case be transferred for trial to Bexar county, the county of their residence. Plaintiff, in due form, controverted the plea of privilege, claiming therein that the suit was properly brought in Dallas county under exception 4 to article 1830, for the reason that the defendant Samuel Alexander was at the institution of the suit a resident of Dallas county.

After hearing the evidence on the plea and contest, the court overruled appellants' plea of privilege, to which action of the court they duly excepted, gave notice of, and have perfected appeal Appellants contend that the judgment of the trial court overruling their plea of privilege is erroneous, for the reasons (1) that no joint cause of action was shown to exist, and that they were improperly joined in the suit against Samuel Alexander, the alleged resident defendant; (2) that, if a joint cause of action did in fact

265 S.W.—68

exist, the evidence was insufficient to show that Samuel Alexander was a resident of Dallas county; (3) that no cause of action was shown in favor of plaintiff against appellant, and, further, that the effect of the suit was, and is, a collateral attack on the valid judgments and orders of the probate court of Bexar county

Discussing these contentions, we are of the opinion, and so find, that the evidence was sufficient to show that, at the time of the institution of the suit, Samuel Alexander was a resident citizen of Dallas county and that the venue as to him was properly laid in Dallas county.

[1] We are further of the opinion that appellants were proper parties to the suit, and, as the defendant Samuel Alexander was a resident of Dallas county at the institution of the suit, under the provisions of subdivision 4 of article 1830, Revised Statutes, appellants were also properly suable in Dallas county.

[2. 3] Every person having a direct and ascertainable interest in the subject-matter of litigation, which may be affected by the court's action in the suit, is a proper party, and, if it is desired to bind him by the judgment of the court, it is necessary, of course, that he be made a party for that purpose. If the plaintiff succeeds in establishing her cause of action, the interest of appellants will inevitably be affected by such result. We are therefore of the opinion that they have a direct interest in the subject-matter, which may be affected by the court's action. Love v. Keowne, 58 Tex. 191; Watkins v. Sansom, 22 Tex. Civ. App. 178, 54 S. W 1096; Cobb v. Barber, 92 Tex. 309, 47 S. W. 963; Cotton Concentration Co. v First National Bank (Tex. Civ. App.) 245 S. W 118.

[4] In regard to the contention of appellants that no cause of action was shown to exist in favor of plaintiff against them, and that the suit was a collateral attack upon the judgments and orders of the probate court of Bexar county it is sufficient to say that plaintiff's petition states a cause of action, in rather general terms, it is true, but sufficient in the absence of special exceptions. However, these questions will arise on the trial of the case, and are not, in our opinion, proper subjects for consideration at this juncture. We are here considering a plea of privilege, a matter preliminary to trial, purely dilatory in its nature, and not designed to reach the merits of the case. The only issue presented by the plea and controverting affidavit is as to where the trial of the rights of the parties shall take place

In Edmonds v. White, 226 S. W. 820, Judge Hodges, for the Texarkana court said:

"It is unnecessary at that stage for the court to ascertain whether or not a cause of action can be shown by the evidence, for the reason that no appropriate judgment upon that issue can then be rendered."

Also see Trousdale v. Southern Rice Growers' Ass'n. (Tex. Civ. App.) 221 S. W 324; First National Bank of Jacksonville v. Childs (Tex. Civ App.) 231 S. W. 808.

Finding no error in the judgment of the court below, the same is affirmed.

Affirmed.