## LE FORS v. LE FORS et al.
### No. 3616.

Court of Civil Appeals of Texas. Amarillo.
May 20, 1931.

Rehearing Denied June 10, 1931.

Willis, Studer & Studer, of Pampa, for appellant.

Cook, Smith, Teed, Sturgeon & Wade, of Pampa, and Underwood, Johnson, Dooley & Simpson, of Amarillo, for appellees.

JACKSON, J.

On November 25, 1929, the plaintiff, Molita Le Fors, a single woman, filed this suit in the county court of Gray county, Tex., against the defendants Emma Le Fors, individually and as former administratrix of the estate of Perry Le Fors, who died intestate September 6, 1909, Emmett Le Fors, Vera Doucette, the wife of A. H. Doucette, joined herein pro forma, and J. M. Shaw, to set aside the orders of the probate court of Gray county, Tex., pertaining to the sale of certain land and to cancel a deed executed by Emma Le Fors in 1911, in compliance with said orders, as administratrix of the estate of Perry Le Fors, conveying said land to Mrs. M. A. Shaw, the mother of the defendant J. M. Shaw.

The plaintiff alleged that she, Emmett Le Fors, and Vera Doucette were the children of Perry Le Fors, and with their mother, Emma Le Fors, surviving wife of Perry Le Fors, deceased, constitute the heirs and all the heirs of said deceased; that on November 15, 1909, letters of administration were issued by the county court of Gray county, Tex., to Emma Le Fors, and she qualified as administratrix of the estate of Perry Le Fors, deceased, and that said administration had been closed; that at the date of his death Perry Le Fors and his wife, Emma Le Fors, owned as community property a one-tenth undivided interest in 160 acres of land situated in Gray county, Tex., known as the Travis-Leach pre-emption survey, the metes and bounds of which are set out in the petition.

The plaintiff alleged that the orders made by the county court of Gray county sitting in probate which pertained to the sale of the land were void or voidable for the following reasons: That there was no necessity alleged for such sale, and no such necessity existed; that the application for the sale did not describe the real estate, and was not accompanied by an exhibit showing any charge for which the land should be sold; that there was plenty of personal property and cash on hand at all times to pay all debts and charges against the estate, and that said debts and charges were paid out of such cash and the proceeds of the sale of such personal

property; that the order did not direct the administratrix to sell the land, but simply gave her permission to place it on the market; that no citation was posted upon the application to sell the land, as required by law; that the sale to Mrs. M. A. Shaw was pretended, fictitious, and fraudulent, and was an attempt to partition the land through a transaction between Emma Le Fors and the adult heirs and Mrs. M. A. Shaw, who owned the other nine-tenths undivided interest of the Travis-Leach survey; that said one-tenth interest belonging to said estate was sold for a consideration of $300, none of which plaintiff received; that the sale was fraudulent and a pretense for the purpose of accomplishing the partition of the estate of Perry Le Fors, deceased, among his heirs, all of which was known to Mrs. M. A. Shaw, or she was charged with notice thereof, and conspired with the adult heirs to defraud this plaintiff; that no citation was served upon plaintiff of the attempted partition of the property or the sale of the land herein involved; that her guardian, who waived the citation as to her, was not authorized so to do; that at the time the county court entered its order it did not have jurisdiction because a suit to partition said Travis-Leach survey between Mrs. M. A. Shaw and the estate was pending in the district court of Gray county, Tex.; that the court did not comply with the law relative to partitioning estates; that plaintiff was a minor, having been born October 22, 1905, and did not learn of the fraud and invalidity of the sale and deed until October 15, 1929.

The plaintiff requested that the orders of the probate court and the deed made in pursuance thereof, in so far as they purport to divest plaintiff of her interest in the Travis-Leach survey, be set aside and held for naught.

The defendants Emma Le Fors, Emmett Le Fors, Vera Doucette, and her husband filed no answer.

The defendant J. M. Shaw attacked the jurisdiction of the court by motion and answered by general demurrer and twenty-two special exceptions, general denial, the two-year statute of limitation, and specially pleaded that the plaintiff was a resident and had resided in Gray county, Tex., was familiar with the land in controversy prior to and after she became twenty-one years of age; that, since she became of age, there had been drilled on the land several oil wells; that several hundred thousand dollars had been expended on such wells and other improvements placed on the land; that she had actual knowledge of such expenditures and improvements, and permitted the defendant J. M. Shaw and others interested to make such expenditures, and at no time until the institution of this suit claimed that the pro-

bate proceedings or the deed of the administratrix were invalid, but at all times acquiesced therein with full knowledge of all the facts relative to such expenditures, and with full knowledge of the proceedings, judgments, and orders and the deed made by the administratrix; that she was guilty of laches, and is now estopped from asserting or claiming any interest whatever in and to said land.

In a trial in the county court, the deed and probate orders were set aside, and J. M. Shaw prosecuted an appeal to the district court.

By a trial amendment in the district court the plaintiff alleged that Mrs. M. A. Shaw acted by and through her attorney, B. M. Baker, who also represented the estate of the plaintiff; that the $300 consideration for the land was paid to said attorney, and, if it ever came into the estate, it was dissipated by Emmett Le Fors without authority of law, and, by the acts of her attorney and the records of the proceedings in probate court, Mrs. Shaw was charged with notice, and asked that, if the judgment of the probate court were set aside, the estate be reopened and the administratrix ordered to proceed in the management and disposition of the estate under further orders of the probate court.

By a trial amendment J. M. Shaw pleaded that his mother, M. A. Shaw, purchased the undivided one-tenth interest in the Travis-Leach survey at the sale by the administratrix, paid the consideration therefor in cash, and that neither his mother, who is now deceased, nor himself, had any knowledge or information of any alleged misconduct on the part of the administratrix or any one else in reference to the management of the estate, but that said one-tenth undivided interest was purchased in good faith for an adequate consideration without any knowledge of any alleged defects in the title, and she was an innocent purchaser of said land.

No answer was filed by any of the defendants, except J. M. Shaw, in the district court.

The case was tried in district court, and the jury peremptorily instructed to find a verdict for the defendants. In response to the verdict so directed, judgment was entered in favor of defendants and against the plaintiff, from which judgment the plaintiff prosecutes this appeal.

The appellant challenges the action of the court in directing a verdict against her, because the testimony shows: (a) The sale was void on account of fraud; (b) the order of the court did not authorize the administratrix to sell the land; (c) no necessity was shown and none existed for the sale; (d) no exhibit accompanied the application to sell; (e) no citation giving notice of the application to sell was served on the minor; and (f) no notice of the sale was given.

It was agreed that Perry Le Fors was the father of the plaintiff and the husband of Emma Le Fors, and that he died intestate September 6, 1909; that the plaintiff and the other defendants, except J. M. Shaw, were the only heirs of Perry Le Fors, deceased; that, after his death, his surviving wife, Emma Le Fors, was duly appointed and qualified as administratrix of his estate November 16, 1909; that the one-tenth undivided interest in the 160 acres of land in controversy was the community property of Perry Le Fors and Emma Le Fors; that Mrs. M. A. Shaw was the mother of J. M. Shaw, defendant herein; that she died intestate, leaving as her only heir J. M. Shaw, who inherited all of her estate; and that plaintiff's suit was filed in the county court on November 25, 1929.

The record discloses:

That on November 16, 1909, Emma Le Fors, administratrix of the estate of Perry Le Fors, deceased, filed a pleading in probate court, alleging that she would not likely ask to be permitted to retain the homestead, but in all probability the lands belonging to the estate would have to be partitioned as soon as the law would permit, and that it was practically certain that the lands would have to be sold for partition. She prayed that she be allowed to place all the lands on the market on such terms as the court might direct, provided that any application to buy part of the land should be reported to the court for approval before any obligation against the estate was incurred. That on the same day she made a report of the debts, including the interest due the state of Texas for deferred payments on five sections of school land, funeral expenses, and other obligations. She reported the personal property in danger of waste, and asked that she be permitted to sell it.

That the court entered an order to the effect that he had considered the application for the sale of the lands and ordered them placed on the market on condition that any offer received for any part or all of the lands should be reported, giving the price and terms thereof, so the court could approve or reject such offer, but that no contract for a sale should be made without the order of the court.

That an inventory and appraisement was made by duly appointed appraisers and approved by the court on November 17, 1909. That in a detailed report of the condition of the estate made by the administratrix on August 21, 1911, she reported that she had agreed, if the court would approve, to sell the one-tenth interest of· the estate in the Travis-Leach survey to Mrs. Shaw for the sum of $300. That the report was considered, approved, and the sale confirmed.

That Emmett Le Fors on said date duly qualified as the guardian of the estate of the plaintiff, who was then a minor. The guardian was authorized by the court to waive for the plaintiff the services of citation on the report of the condition of the estate, the sale of the one-tenth interest in the Travis-Leach survey, and the application for the partition and distribution among the heirs of said estate. That the guardian signed such waiver as guardian for the plaintiff, and all the adult heirs signed a like waiver.

That, during the regular term of the probate court, August 21, 1911, an order was entered reciting that the court had heard and considered the report of the administratrix for the sale of the one-tenth undivided interest of the estate in said Travis-Leach survey, made in obedience to the order of the court at the November term, 1909. That the court found said report had been filed for the time required by law, and, having inquired into the manner in which the sale was made, the court was satisfied that the sale was fairly made and in conformity to law and for a fair price. That said report was approved and confirmed, ordered recorded, and the administratrix directed to convey the property to Mrs. M. A. Shaw in compliance with the terms of the sale. That on September 21st thereafter the administratrix, in obedience to such order, conveyed to Mrs. M. A. Shaw the one-tenth interest in the Travis-Leach survey by deed reciting the payment of a consideration of $300 in cash. That the adult heirs, on August 21, 1911, entered into a written contract by the terms of which they agreed on a partition and distribution of the estate. That on the same day the court appointed S. E. Boyett, an attorney at law of Gray county, Tex., as guardian ad litem to represent the plaintiff in the agreement to partition and distribute the estate and in the partition and distribution thereof, as her guardian, Emmett Le Fors, was interested in said estate. That the contract for partition, which shows the property received by each heir, was signed by the plaintiff through said guardian ad litem. The partition was made according to said contract and ratified and confirmed by the court in a judgment reciting that the minor heir, the plaintiff herein, had received her full share of the estate. That the partition and distribution of said property did not include the undivided one-tenth interest of the Travis-Leach survey, but it indicates that the purchase price therefor was awarded to Emmett Le Fors. That the administration of the estate was closed by an order of the probate court at its November term, 1911, and the administratrix discharged.

That Mrs. M. A. Shaw filed suit in the district court of Gray county on January 11, 1911, stating that she was the owner of an undivided nine-tenths interest in the 160-

acre Travis-Leach survey, and that the estate and heirs of Perry Le Fors owned an undivided one-tenth interest therein. The petition named the heirs, including the plaintiff, as defendants, and also other defendants alleged to be asserting some interest in the property. By trial amendment filed October 30, 1911, Mrs. Shaw alleged that she had purchased the undivided one-tenth interest in the land belonging to the heirs of Perry Le Fors, through the probate court, and sought a decree removing cloud and vesting the title to said Travis-Leach survey in herself. At a regular term of said district court, on October 31, 1911, the court entered judgment reciting that the defendants, including the plaintiff herein, had been duly served with process, had answered, and that from the evidence the court was of the opinion that said Travis-Leach 160 acres was the property of Mrs. M. A. Shaw, and by its judgment vested title to said land in her.

The record shows that the price paid to the Le Fors estate for its one-tenth undivided interest in the land was fair and adequate; that the debts, expenses, and charges against the estate were paid out of the proceeds of the sale of personal property belonging to said estate; that the plaintiff became 21 years of age October 22, 1926; that she, Mrs. Emma Le Fors, and Emmett Le Fors still reside and live together in Pampa, Tex.; that their relations are friendly; that plaintiff has never made any effort to collect from her mother or brother any part of the estate on account of mismanagement, and has no such intention now; that her mother and brother had furnished the money to rear and educate her; that she and her mother resided for several years in California while she went to school, and that she has attended the University of Oklahoma and the University of Texas; that, when she reached her majority, she inquired of the family and her friends as to how her part of the estate had been handled; that she went into the matter rather carefully; that her brother told her all he knew about the situation, how he had handled her property, and did not try to conceal anything from her, advised her about the partition proceedings, the property she received; that she was correctly informed about her father's interest in the land in controversy, that it had been sold; that such information was had shortly after she became of age, and that since she became 21 oil had been discovered on the land in controversy; that she learned for the first time in September, 1929, that she might have some rights in the land involved in this suit.

The deputy clerk of Gray county testified that a search of the records failed to show any citations issued on the application for the sale of the land or on the filing of the application for partition and distribution or any order by the court determining whether the property was susceptible of partition or appointing commissioners to make a partition of the estate; that she found no record of any report of commissioners partitioning the estate and no approval of such report; that the court records had been moved twice within the last three years, and that the removal from Le Fors to Pampa was made at night and in a hurry, but, so far as she knew, no papers or records connected with the Perry Le Fors estate had been lost; that she had the record which purported to contain the proceedings in said estate, but she did not know how the records were kept or what citations were issued twenty years ago.

The administratrix, Mrs. Emma Le Fors, and the guardian of plaintiff, Emmett Le Fors, testified that they had no conversation, discussion, or understanding with each other or with any one else pertaining to any conspiracy against the plaintiff or any effort to defraud her out of any part of her estate by the sale of the property in controversy to Mrs. Shaw or by the partition of the balance thereof among the heirs; that, while they might have been negligent and used bad judgment, they acted in good faith without any intention of defrauding plaintiff.

The testimony is conclusive that neither Mrs. Shaw nor the defendant J. M. Shaw ever asserted any right in any part of the estate of Perry Le Fors, deceased; that they had no connection whatever with the partition of said estate. The fact that B. M. Baker, as attorney, represented the estate in the administration proceedings, and also instituted the suit for Mrs. Shaw to remove cloud from title and partition the Travis-Leach survey between her and the heirs of Perry Le Fors, is insufficient to show that he was guilty of any fraud or engaged in any conspiracy against the plaintiff. The record is uncontroverted that Mrs. Shaw recognized all the interest belonging to the estate and that there was no issue of title or interest between Mrs. Shaw and the estate; the only question being a partition of the Travis-Leach survey among the owners. The testimony is that B. M. Baker was a competent, conscientious, honest, upright, and honorable attorney. The record fails to show that said attorney made any suggestion of fraud or conspiracy to any of the parties regarding the sale of the property purchased by Mrs. Shaw or the partition of the property between her and the Le Fors estate or as to the partition of the other property among the heirs of the deceased Perry Le Fors.

We have made a brief statement of what the probate records and the testimony reveal relative to the partition of the other property of the estate not involved in this controversy, because of the allegations of fraud

521

and conspiracy made by the plaintiff. In order to determine the merits of this appeal, however, it must be kept in mind that the only relief sought in this suit is a judgment annulling the probate orders affecting the sale of the interest of the estate in the Travis-Leach survey and the cancellation of the deed of the administratrix conveying said interest to Mrs. Shaw. Therefore, unless Mrs. Shaw is shown by the testimony to have engaged in some conspiracy against or practiced some fraud on the plaintiff in connection with the purchase and sale of the interest of the estate of Perry Le Fors in the Travis-Leach survey, the record and testimony pertaining to the partition of the other property belonging to the estate among the heirs becomes immaterial.

In our opinion, the testimony is not sufficient to connect Mrs. Shaw with any conspiracy or any act of fraud in connection with the purchase of said property from the administratrix, and there was no issue of fact on fraud or conspiracy to be submitted to the jury.

Conceding that the record discloses that no citation was issued or served and no notice posted by the clerk of the sale by the administratrix of the one-tenth interest of the estate in the Travis-Leach survey to Mrs. Shaw, does the failure to give such notice render the transaction void?

The written request filed by the administratrix in probate court on November 16, 1909, for permission to place the lands of the estate on the market and report to the court any offer received for such lands before the estate was obligated to sell; the order of the court entered on the same day granting such permission, conditioned that the administratrix should make no contract for the sale of the land or any part thereof, and any offer received for any part or all of the lands, should be reported with the price and terms thereof to the court for its approval or rejection; the report on August 21, 1911, by the administratrix that she had agreed, if the court would approve, to sell the one-tenth interest in the Travis-Leach survey to Mrs. Shaw, giving the price and terms of the agreement, that Mrs. Shaw had instituted in the district court a suit to partition between herself and the estate the Travis-Leach survey, that the interest of the estate was small, and would be of less value after the partition, with the request that the proposed sale be approved and confirmed; and the approval by the court of such agreement, the confirmation of the sale, ordering it recorded, and directing the administratrix to convey to Mrs. Shaw the interest of the estate in the Travis-Leach survey, in our opinion authorized a private sale by the administratrix of the interest here involved, to Mrs. Shaw.

The probate court was authorized to direct the administratrix to sell the interest of the estate in the Travis-Leach Survey at private sale, article 2129, R. C. S. 1895, article 3572, R. C. S. 1925; and, if the property was ordered by the court to be sold at private sale, no notice of such sale was required unless the court directed that such notice be given, article 2140, R. C. S. 1895, article 3582, R. C. S. 1925. The court failing to direct that notice should be given, if we are correct in our conclusions that the order of the court authorized a private sale, no notice was required.

In Kendrick et al. v. Wheeler et al., 85 Tex. 247, 20 S. W. 44, 45, suit was instituted in the county court to set aside certain orders of the probate court for the sale of certain lands belonging to the community estate of Walter Wheeler and his deceased wife, A. C. Wheeler. The proceedings of the probate court and the sale of the land were attacked for the reasons: "(1) That the order of sale was made without any valid notice having been issued; (2) because the notice was not served in the manner, or for the length of time, prescribed by law; (3) because the order of sale contained no description of the property directed to be sold; (4) because the order did not state the necessity or purpose of such sale; (5) because the application to sell showed no valid reason or necessity for such sale; (6) because said order was wholly unauthorized by law. It is also alleged that there was no legal cause existing for said sale, and that the absence of such necessity was apparent of record, and that appellee Bowman had actual and constructive notice thereof; that said order of sale was procured by collusion between Wheeler and Bowman, and not for the benefit of plaintiffs; that plaintiffs were minors, and have never received any of the proceeds of said sale, or any benefit therefrom."

The court, after reciting various other matters, including the findings of the trial court, says: "It is contended by appellants that, as the notice of sale was not given for the length of time required by law, and as there was no sufficient legal reason or necessity for the sale, the order of sale and sale thereunder are void, and should have been set aside. The failure to give the notice the length of time required by law does not render the sale void. Weems v. Masterson, 80 Tex. 49, 15 S. W. 590; Heath v. Layne, 62 Tex. 689; Lyne v. Sanford, 82 Tex. 63, 19 S. W. 847 [27 Am. St. Rep. 852]. If the father is the guardian of the persons and estates of his minor children, it is his duty to educate and support them out of his own means. If, however, he is not able to do so, an allowance for such purpose will be made out of the estate of his wards. 9 Amer. & Eng. Enc. Law, 100. Article 2572,

**522**

Sayles' Civil St., makes the education and support of the wards a ground of sale of the wards' property. The court finds that Bowman did not know that the sale was made for any purpose different from that stated in the application for the order of sale. When the court acted upon the application, and made the order of sale, Bowman was not required to look beyond the order of the court, and could act upon the assumption that the court granted the order of sale upon the existence of facts that would authorize it to do so. We do not think the order of sale void. Robertson v. Johnson, 57 Tex. 63; Weems v. Masterson, 80 Tex. 53, 15 S. W. 590; Lyne v. Sanford, 82 Tex. 63, 19 S. W. 847 [27 Am. St. Rep. 852]."

In the case of McGrady v. Clary (Tex. Civ. App.) 247 S. W. 1099, 1102, in an opinion by Chief Justice Hall, it is said: "Many questions relating to the regularity and legality of proceedings by probate courts in the sale of real estate have been considered by the Supreme Court and Courts of Civil Appeals of this state, with the result that the purchaser at an administrator's sale is required only to see that the probate court had jurisdiction of the subject-matter, and that a proper judgment confirming the sale has been duly entered. In considering such irregularity it has been held that a sale is not void: (1) Which was made under the court's order without the filing of an application; and (2) without an affidavit of the administrator showing the condition of the estate and the necessity of the sale; and (3) upon waiver of citation by the administrator. Sales have further been upheld where the land was not described in any order made by the court and until the deed was executed by the administrator. Sales have also been upheld that were made to pay debts not yet due."

It is conceded that Mrs. Emma Le Fors was duly appointed and qualified as the administratrix of the estate of her deceased husband, Perry Le Fors; and the two opinions quoted from, together with the authorities therein cited, we think are decisive, and appellant's contentions presenting fraud and irregularities in the proceedings of the probate court authorizing the sale are overruled. In addition to the foregoing authorities, we note Poor v. Boyce, 12 Tex. 440; Kleinecke v. Woodward, 42 Tex. 311; Jackson v. Houston, 84 Tex. 622, 19 S. W. 799; Hicks et al. v. Oliver, 78 Tex. 233, 14 S. W. 575; Saul et al. v. Frame et al., 3 Tex. Civ. App. 596, 22 S. W. 984; Ruenbuhl v. Heffron et al. (Tex. Civ. App.) 38 S. W. 1028; White v. Bedell (Tex. Civ. App.) 173 S. W. 624; Heavey et al. v. Castles (Tex. Civ. App.) 12 S.W.(2d) 615.

In Daimwood v. Driscoll (Tex. Civ. App.) 151 S. W. 621, 622, it is held: "When the court acted upon the application and made the order of sale and then confirmed it, appellee was not required to look beyond those orders, and could proceed upon the assumption that the order was properly made upon notice and facts that authorized it"—citing authorities.

The testimony shows no actual fraud, and the irregularities complained of by appellant do not amount to constructive fraud.

In Stroud v. Hawkins, 28 Tex. Civ. App. 321, 67 S. W. 534, 537, it is held: "The effect of this contention is that any irregularity occurring in such sales, though not of a character to render the sale void, would nevertheless amount to constructive fraud, and the purchaser, however innocent he might be in fact, would take the title in trust for the minors. Of course, such contention cannot be sustained, as it would be inequitable, and would preclude all business dealings with such property."

The appellant, by proper assignments, contends that the probate court of Gray county was without jurisdiction to make the orders pertaining to the sale in controversy, because suit had been filed by Mrs. M. A. Shaw in the district court to partition the Travis-Leach survey between herself and the estate of Perry Le Fors, deceased.

■■ The county court is given exclusive jurisdiction to partition lands belonging to an estate among the heirs interested in the estate of a decedent, where there is no question of title involved. The fact that a suit was pending in the district court to partition the property in which the heirs of a decedent were interested, between such heirs and another party, would not deprive the probate court of jurisdiction to sell the interest of the heirs of the decedent over which it had acquired jurisdiction by probate proceedings. Watkins et al. v. Sansom et al., 22 Tex. Civ. App. 178, 54 S. W. 1096, and authorities cited.

The judgment is affirmed.