## WINN et al. v. SCHRAMM.
### No. 1062.

Court of Civil Appeals of Texas. Waco.
May 7, 1931.

Rehearing Denied June 4, 1931.

W. L. Eason, of Waco, for appellants.
J. P. Word, of Meridian, for appellee.

GALLAGHER, C. J.

This suit was instituted on the 14th day of January, 1930, by Otto Schramm, appellee herein, against J. B. Winn and B. B. Winn, partners, doing business under the firm name of J. B. Winn & Son, appellants herein, and Sammie Leach, Truman Whitely, and L. T. Smith, other appellees herein, for the recovery of two bales of cotton, or, in the alternative, for the value thereof. Appellee Schramm alleged that on or about the 25th day of November, 1929, he was the sole owner and in possession of two bales of lint cotton located at Clifton in Bosque county; that on said day and date said Leach, Whitely, and Smith unlawfully took possession of the same without his knowledge and consent and with the intent to deprive him of the value thereof and appropriate the same to their use and benefit. He further alleged that they, on said day and date, transported said two bales of cotton to Waco in McLennan county, and there sold and delivered the same to appellants Winn & Son and received as consideration therefor the sum of $192.19. He further alleged that on the 7th day of

December, 1929, he made demand on all said parties for the possession of said two bales of cotton and that such demand was refused. He prayed for judgment for said two bales of cotton against all said parties jointly and severally, or, in the alternative, for the value of the same in the sum of $217 and also for $45 exemplary damages. Each of the appellants filed a separate plea of privilege to be sued in McLennan county on the ground that he resided therein and not in Bosque county, in which said suit was pending. Appellee Schramm filed an affidavit controverting said pleas, in which he alleged that venue was properly laid in Bosque county because the suit was based upon the commission of a crime, offense, and trespass, being the theft of the two bales of cotton in controversy. He further alleged therein that venue was properly laid in said county because appellee Sammie Leach, one of the defendants therein, resided in said county and that he was a proper and necessary party to the suit. He also alleged that venue was properly laid in said county, the place of residence of one of the parties defendant, in order to avoid a multiplicity of suits. Leach, Whitely, and Smith filed an answer waiving the issuance and service of citation and admitting that they stole the cotton in controversy and sold the same to appellants. Appellants filed an answer, consisting of general demurrer and general denial.

The case came on for hearing on the 24th day of November, 1930. Appellants' pleas of privilege and the merits of the case were tried together. Appellants requested the court to charge the jury peremptorily in their favor on the issue of venue, which request was refused. The court instructed the jury to return a verdict in favor of appellee Schramm against Leach, Whitely, and Smith on the admissions in their answer for the value of the cotton taken, and also for certain expenses incurred in that connection. The case between appellee Schramm and appellants was submitted on special issues, in response to which the jury found that Leach, Whitely, and Smith sold two bales of cotton to appellants; that they were not the owners of said cotton, but that the same belonged to appellee Schramm. The jury also found the value of said cotton. The court rendered judgment against Leach, Whitely, and Smith and also against appellants for the value of said cotton. No recovery of the cotton itself was requested or awarded. Appellants filed a motion for new trial, which was overruled. Hence this appeal.

## Opinion.

Appellants present a single assignment of error, in which they assail the action of the court in refusing at their request to charge the jury peremptorily to return a verdict in their favor on their pleas of privilege. In a single proposition presented thereunder they contend that appellee Schramm's cause of action against Leach, Whitely, and Smith was not the same as his cause of action against them. Appellants in their argument amplify said proposition by the further contention that appellee's suit against Leach and his confederates was for theft in Bosque county, and his cause of action against them for conversion in McLennan county. The character of appellee's cause of action must be determined from the averments of his petition. We quote from Koch v. Roedenbeck (Tex. Civ. App.) 259 S. W. 328, as follows: "On questions of venue the character of an action is determinable solely by the allegations contained in the petition, and is a question of law to be determined by the court, and not a question of fact to be determined by testimony aside from the allegations in the petition." Appellee was not required to replead in his controverting affidavit his cause of action or to in terms make his petition a part of such affidavit. The statute (article 2007) merely required the averment under oath of the existence of facts sufficient to support the material allegations in appellee's petition. Sims v. Trinity Farm Construction Co. (Tex. Civ. App.) 28 S.W.(2d) 856, 857, and authorities there cited. The action of Leach and his confederates in taking possession of Schramm's property without his consent constituted an unlawful trespass. He had a right under our procedure to seek redress therefor by suit for the recovery of the property, or in the alternative for judgment for its value. Such is the character of this suit as established by the averments of his petition. He introduced testimony supporting the essential averments thereof. The testimony showed without dispute that Leach, one of the defendants resided in Bosque county. The issue of venue as affected by such a situation was considered by the Court of Civil Appeals for the Fifth District in the case of Alexander v. Alexander, 265 S. W. 1072. In that case Gertrude Alexander, a minor, by her next friend filed suit in Dallas county against Samuel Alexander, Carter & Lewis, a partnership, and the Seguin State Bank & Trust Company for the recovery of certain bank stock, or its value. She alleged that she was the owner of said stock, and that Samuel Alexander was in possession thereof and had without authority transferred the same to said partnership and said bank. Samuel Alexander resided in Dallas county. Carter & Lewis resided in Bexar county, and said bank had its principal office and place of business in Guadalupe county. Carter & Lewis filed a plea of privilege in statutory form praying that the case be transferred to Bexar county, in which they resided. The plaintiff in due form controverted said plea of privilege, claiming that the suit was properly brought

in Dallas county because Samuel Alexander, one of the defendants, resided therein. The court overruled said plea and Carter & Lewis appealed. They contended in such appeal that the cause of action alleged by the plaintiff against Samuel Alexander was not the same as the cause of action alleged against them. The court overruled their contention and held that they were proper parties defendant in said suit, and that venue was properly laid in Dallas county because Samuel Alexander resided therein, citing numerous authorities, to which reference is here made. See also, in this connection, Hudson v. Wright, 204 Mo. 412, 103 S. W. 8, 11, par. 2.

The rule announced in the authorities above cited is applicable in this case and requires the affirmance of the judgment of the trial court. It is so ordered.