Mark **HIGH**, d/b/a Wichita Construction Company, Appellant,

v.

Dorothea Florence **KARELL** et vir, Appellees.

No. 16223.

Court of Civil Appeals of Texas.

Fort Worth.

May 19, 1961.

Renne Allred, Jr., Bowie, for appellant.

Wade, Davis, Callaway & Marshall and Clyde M. Marshall, Jr., Fort Worth, for appellees.

BOYD, Justice.

This is a venue case. Dorothea Florence Karell and husband, George N. Karell, sued Lone Star Gas Company and Mark High, doing business as Wichita Construction Company, for damages. High filed a plea of privilege to be sued in Montague County, the county of his residence. The plea was overruled and High appeals.

In their controverting affidavit to the plea of privilege appellees alleged that theirs was a suit for damages to land, which land was situated in Tarrant County; that appellant was guilty of trespass on appellees' land and thereby damaged same; and that appellant caused the damages in the performance of a written contract with Lone Star Gas Company which provided that it was to be performed in Tarrant County, and under which appellant assumed responsibility for damages suffered by persons or property in the performance of the contract. Appellees therefore claimed that venue was properly laid in

Tarrant County under Subdivisions 14, 5, 9 and 9a of Article 1995, V.A.T.S.

We think the judgment must be affirmed. In their petition appellees alleged that they had granted to Lone Star Gas Company an easement to lay and operate a pipe line across their land, and that Lone Star had represented to them that the operation would require a strip of land approximately five feet wide; that appellant was engaged by Lone Star to clear the strip; that appellant "without any cause or justification, and to the great damage and injury of plaintiffs herein and their said land, proceeded to clear off grass and trees and move the top part of the earth, a number of acres of land extending in part more than 100 feet from the place where such pipeline was laid. While the defendants had the right to sufficiently clear the five foot strip along and under which such pipeline was laid, so that they could go along and upon the same and properly and suitable lay, and thereafter maintain such pipeline, neither of the defendants either separately or acting together had any character of right, and they were granted no right, to go along and upon said land and excavate, as they did, such land and particularly the top soil thereof extending over several acres of said land and extending a distance of several hundred feet from where such pipeline was laid. In such excavation and moving and tearing up of said land they killed, broke down and uprooted literally hundreds of trees, many of them being live oak trees, as well as other shrubs, and also the grass and turf, thereby destroying the vegetation, trees and shrubs so that the same will not grow. They damaged and injured plaintiffs herein and said land to the extent and in the amount of at least the sum of $8,000.00." The petition was introduced in evidence and it was shown that the land lies in Tarrant County.

We think this is a suit for damages to lands, and must be brought in Tarrant County. We determine the character of the suit from the allegations of the peti-

tion. Koch v. Roedenbeck, Tex.Civ.App., 259 S.W. 328; Winn v. Schramm, Tex.Civ. App., 39 S.W.2d 645; Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856; Joy v. Joy, Tex.Civ.App., 254 S.W.2d 180, and authorities there cited. Our holding renders unnecessary a discussion of the other venue claims set up by the controverting plea.

■ Appellant's points relative to the court's failure to sustain his exceptions to the controverting affidavit are overruled. Since the petition was not made a part of the controverting affidavit, appellants says that the allegation in the affidavit that this is a suit for recovery of damage to lands is but a legal conclusion. In 43–B Tex.Jur. p. 325, sec. 126, it is said: "Where the cause of action alleged by the plaintiff is not one of the venue facts necessary to be proved, it appears that it is neither necessary for the controverting plea to state any cause of action nor to incorporate the petition, provided, of course, that the plea in itself sufficiently alleges the venue facts." Here the only venue facts are the character of the suit and the location of the land. Article 2007, which is now in substance Rule 86, Texas Rules of Civil Procedure, provided that the controverting plea must set out specifically the fact or facts relied upon to confer venue on the court where the cause is pending. "Article 2007 * * required averments under oath of the existence of *facts* sufficient to support the material allegations of appellant's petition. It did not require appellant to replead in his controverting affidavit his cause of action, nor to in terms make his petition a part thereof. Clearly, we think appellant's controverting affidavit should be construed in the light of the allegations in his petition." Sims v. Trinity Farm Const. Co., Tex.Civ.App., 28 S.W.2d 856, 857. See, also, Mutual Federal Savings and Loan Ass'n v. Anderson, Tex.Civ.App., 88 S.W. 2d 499. Where the character of the suit determines venue, it is not required that the controverting plea set out grounds necessary for recovery, but only the ground which confers venue. We hold that where the petition discloses that the suit is for recovery for damages to lands, the controverting plea is sufficient if it alleges that such is the character of the suit; and the case is made when the petition is introduced and it is shown that the lands lie in the county of suit.

We do not write on appellant's points as to the sufficiency of the controverting affidavit to invoke other subdivisions of Article 1995, nor on the points as to the admission of testimony. Since the location of the land and the character of the suit determine venue, it is immaterial whether appellees' further venue claims were sufficiently pleaded or proved.

The judgment is affirmed.