Julian GUILLORY, Jr., Appellant,

v.

Ruby DAVIS, Appellee.

No. 7739.

Court of Civil Appeals of Texas, Beaumont.

Nov. 6, 1975.

Rehearing Denied Dec. 4, 1975.

Ernest J. Browne, Beaumont, for appellant.

George Mike Jamail, Beaumont, for appellee.

STEPHENSON, Justice.

This is an appeal from an order of the trial court transferring this cause from Jefferson County to Montgomery County. The appeal is dismissed.

Julian Guillory, Jr., as petitioner, filed suit in the Domestic Relations Court in Jefferson County, raising questions as to the parent-child relationship, with Ruby Davis, his former wife, and their three children. The petition showed a divorce and an order changing custody had been granted by a Louisiana court.

Ruby Davis filed a plea of privilege, in the traditional style and form, claiming her residence to be Montgomery County and alleging that no exceptions to exclusive venue in the county of one's residence existed. The prayer was in the usual form asking for the suit to be transferred to Montgomery County.

Julian Guillory, Jr., then filed a controverting affidavit, alleging that the Jefferson County Court had jurisdiction and venue under Tex. Family Code Ann. § 11.04 (1975), and continuing jurisdiction under § 11.05 of the Family Code, and praying that the plea of privilege be overruled. An order attached to the controverting affidavit set a date for a hearing of the plea of privilege.

The record before us shows the trial court heard evidence on the date the plea of privilege was to be heard, and the order appealed from was entered following that hearing. A portion of the first paragraph reads as follows:

"BE IT REMEMBERED that on this the 29th. day of April, 1975, came on to be heard a purported Plea of Privilege

which pleadings this Court considered same as a motion on the part of the Respondent to transfer this cause of action to the Court having jurisdiction and venue to try the case on the merits, and both sides announced ready to proceed with the attorneys on both sides relating to this Court the facts they both relied upon as well as the Law they both relied upon and for this Court to consider those facts and the law thus presented."

A later paragraph in that order reads as follows:

"It is therefore ORDERED, ADJUDGED, AND DECREED by the Court that the Clerk of this Court prepare a transcript of all papers filed in this case and that he comply with the rules and laws governing transfers and transfer this cause of action to the District Court of Montgomery County, Texas, at Conroe, Texas."

The Tex. Family Code Ann. § 11.06(c) (1975) reads as follows:

"For the convenience of the parties and witnesses and in the interest of justice, the court, on the timely motion of any party, may transfer the proceeding to a proper court in any other county in the state."

Under this section of the Family Code, an order transferring a suit is an interlocutory order. The rule is well recognized in Texas that an interlocutory order is not appealable unless specifically made so by statute. *Henderson v. Shell Oil Co.*, 143 Tex. 142, 182 S.W.2d 994, 995 (1944). Unless so authorized by statute, an appeal lies only from a final judgment. Tex.Rev.Civ. Stat.Ann. art. 2249 (1971). The quoted section from the Family Code does not authorize an interlocutory appeal, and we can take no action in this case except to dismiss the appeal.

We are not passing upon the question as to whether the trial court was or was not in error in transferring this case to Montgom-

ery County, as we are not permitted to do so upon this appeal.

Appeal is dismissed.