William E. ROGERS, Appellant,

v.

Sara Jo ROGERS, Appellee.

No. 1350.

Court of Civil Appeals of Texas, Houston (14th Dist.).

April 28, 1976.

Rehearing Denied May 19, 1976.

Douglass D. Hearne, William M. Knolle, Stayton, Maloney, Black, Hearne & Babb, Austin, for appellant.

Frank A. Gerig, Houston, for appellee.

CURTISS BROWN, Chief Justice.

On September 18, 1975 Sara Jo Rogers (the mother or appellee) filed suit in the Court of Domestic Relations of Harris County seeking the modification of a July 6, 1973 judgment of the District Court of Travis County whereby she and William Earle Rogers (the father or appellant) were granted a divorce, she was awarded custody of their son subject only to certain visitation rights of the father, and he was ordered to pay $200 per month for the support of his child until age eighteen. The modifications sought by the mother were that she be appointed managing conservator of the child, and that the father be appointed possessory conservator with reasonable visitation rights and be required to pay $300 per month for the support of his child.

The father filed a "Plea of Privilege and Motion to Transfer" seeking to have the case transferred to Travis County, the county of his residence. The trial court overruled the plea and motion and retained venue in Harris County. It is from that action of the trial court that this attempted appeal was taken by the father. The mother has filed in this court a motion to dismiss the appeal.

■ Tex. Family Code Ann. § 11.06(f) (1975)[1] provides that in a suit affecting the parent-child relationship "[a]n order transferring or refusing to transfer the proceeding is not appealable." Appellant attempts to avoid the effect of § 11.06(f) by arguing that the suit was not one affecting the parent-child relationship because the petition filed by appellee did not set out the statutory grounds on which the request for relief was made, as required by § 11.-08(b)(10) (Supp.1975). He points out that § 11.07(a) states that "[a] suit affecting the parent-child relationship shall be commenced by the filing of a petition as provided in this chapter"; from this he reasons that a petition which does not meet the requirements of § 11.08 does not commence a suit affecting the parent-child relationship. We disagree.

A "suit affecting the parent-child relationship" is defined by § 11.01(5) as

> "a suit brought under this subtitle in which the appointment of a managing conservator or a possessory conservator, access to or support of a child, or establishment or termination of the parent-child relationship is sought."

The purpose of § 11.07 is merely to establish a procedure by which such suits are to be commenced, and is in no way inconsistent with the definition contained in § 11.01(5). The fact that a petition has a defect that makes it subject to special exception does not change the nature of the suit. A suit is one affecting the parent-child relationship if it attempts, by its main objective, to invoke the provisions of Subtitle A of Title 2 of the Family Code and requests the court to take one of the actions enumerated in § 11.01(5).

Since this was a suit affecting the parent-child relationship, the order refusing to transfer the proceeding was not appealable. See *Benckenstein v. Benckenstein*, 515 S.W.2d 336 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ dism'd).

■ We also note that the inclusion in the motion to transfer of language and material normally associated with pleas of privilege was mere surplusage. The venue provisions contained in § 11.04 remove suits affecting the parent-child relationship from the operation of the general venue statute, Tex.Rev.Civ.Stat.Ann. art. 1995 (1964), and the transfer procedures contained in § 11.06

---

1. Unless otherwise noted, all statutory references are to the Texas Family Code.

were intended to supplant the plea of privilege rules contained in Rules 86–89 of the Texas Rules of Civil Procedure. See Smith, *Texas Family Code Symposium: Title 2. Parent and Child*, 5 Tex.Tech.L.Rev. 389, 394, 400 (1974); 2 L. Simpkins, Texas Family Law 357 (Speer's 5th ed. 1976).

Sara Jo Rogers's motion to dismiss the appeal is granted and the appeal is dismissed.