Bennie Clinton **ADAIR**, Appellant,

v.

Judy Kaye **PATTERSON**, Appellee.

No. 16859.

Court of Civil Appeals of Texas, Houston (1st Dist.).

April 21, 1977.

Brice A. Tondre, Houston, Don Stokes, Marshall, of counsel, for appellant.

Fidler & Boerstler, Herbert W. Boerstler, James W. Cox, Houston, for appellee.

COLEMAN, Chief Justice.

This is an appeal from an order denying a Plea of Privilege in a suit affecting the parent-child relationship. The judgment will be affirmed.

This suit was filed in the District Court of Harris County, Texas to modify an existing child support order entered by decree of the District Court of Dallas County, Texas in 1970. The petition alleged that Judy Kaye Patterson and Melody Adair, her child, reside in Harris County, Texas. The petition further alleged that Bennie Clinton Adair by decree of the District Court of Dallas County, Texas was ordered to pay child support in the sum of $75.00 per month for the support of Melody Adair. Mrs. Patterson "requested", because of a substantial and material change of circumstances, that the support for Melody be increased to $500.00 per month.

Mr. Adair filed a Plea of Privilege to be sued in Harrison County, the county of his residence. Mrs. Patterson filed a controverting affidavit alleging that venue was properly established in Harris County by reason of § 11.04 of the Texas Family Code. A copy of the original petition was attached to the controverting affidavit and incorporated for all purposes.

At the hearing on the Plea of Privilege Mrs. Patterson testified that in the divorce granted by the District Court of Dallas County, Texas, she was awarded the care and custody of Melody Denice Adair and that since the divorce was granted there has been no other suit involving Melody Denice Adair. She testified that Melody resides with her in Harris County, Texas.

Prior to the adoption of Title II of the Texas Family Code, effective January 1, 1974, it was settled law that no court other than the court entering a divorce decree and support order had jurisdiction to amend, modify, or change the support order. An order purporting to modify or change a support order entered by a court other than the court entering the original decree was void unless filed in the original suit and legally transferred to the other district court. *Ex parte Goldsmith*, 155 Tex. 605, 290 S.W.2d 502 (1956).

Section 11.01 of the Texas Family Code, Paragraph (5) reads:

" 'Suit affecting parent-child relationship' means a suit brought under this subtitle in which . . . access to or support of a child . . . is sought."

Section 11.02 of the Code provides that a suit affecting the parent-child relationship may be brought "as provided in this subtitle."

Section 11.03 provides that a suit affecting the parent-child relationship may be brought by any person with an interest in the child.

Section 11.04 of the Code provides that a suit affecting the parent-child relationship "shall be brought" in the county where the child resides, and that where the parents of.

**112**

the child do not reside in the same county and neither a managing conservator or a guardian of the person has been appointed, the child resides in the county where the parent having care and control of the child resides. If a managing conservator has been appointed by court order the child resides in the county where the managing conservator resides.

The appellant, Bennie Clinton Adair, contends that in order to establish venue under the Family Code, the plaintiff must allege and prove the elements of a cause of action which would include facts showing a material and substantial change of circumstances since the entry of the original order requiring support.

■ The statutes cited above require that a suit to change the child's support order previously entered by a court which was not given continuing jurisdiction by § 11.05 of the Code be filed in the county where the child resides. It is clear that the legislature intended to place venue in suits such as this exclusively in the county of the child's residence. See § 11.06(a). The special venue provided by § 11.04 of the Texas Family Code is encompassed by subsection 30 of Article 1995, V.A.C.S. *Henson v. Brown*, 524 S.W.2d 412 (Tex.Civ.App.—Austin 1975, no writ).

■ When a Plea of Privilege is filed the controverting plea must set out facts to show that the case falls within one of the exceptions to the rule that venue is in the county of the defendant's residence. The "venue facts" are those stated in the particular exception applicable. *Cowden v. Cowden*, 143 Tex. 446, 186 S.W.2d 69 (1945). The applicable venue facts under § 11.04, Texas Family Code are:

1. that the suit is one affecting the parent-child relationship; and
2. that the child resides in the county where the suit has been brought.

■ Proof of a cause of action is not required under all exceptions to the general venue rule. Under some exceptions, such as subsection 14 of Article 1995 V.A.C.S. which provides that suits for damages to

land must be brought in the county where the land is situated, venue is determined by the character of the suit. In such cases the controverting plea need not set out grounds necessary for recovery, but only the ground which confers venue. *High v. Karell*, 346 S.W.2d 920, 922 (Tex.Civ.App.—Fort Worth 1961, no writ). A court may look to the petition to determine the character of a suit. *Gilbert v. Gilbert*, 145 Tex. 114, 195 S.W.2d 936 (1946).

■ The petition in this case establishes the character of this suit as being one to modify the parent-child relationship. The testimony at the trial establishes that the residence of Melody Adair was in Harris County, Texas. The trial court properly denied the Plea of Privilege.

Affirmed.