**Debra June BROWN, Appellant,**

v.

**Jacky Joe BROWN, Appellee.**

**No. 1368.**

Court of Civil Appeals of Texas,
Corpus Christi.

May 18, 1978.

Rehearing Denied June 8, 1978.

Ernest O. DeBakey, Houston, for appellant.

Donald R. Uher, Bay City, for appellee.

## OPINION

NYE, Chief Justice.

This is a venue suit. Involved is a suit for divorce and the parent-child relationship. The father, Jacky Joe Brown, filed the suit in Matagorda County, Texas. The mother, Debra June Brown, appeals to this Court from a denial of her plea of privilege to be sued in Harris County where she and her daughter reside.

The father instituted suit in Matagorda County in August of 1977 in which he

sought a divorce from his wife and a determination of conservatorship for their daughter, Dana Junette Brown. His petition stated that their daughter is not under the continuing jurisdiction of any other court. The mother did not file a formal answer but appeared and filed a plea of privilege in February of 1978 alleging that she and her daughter are residents of Harris County and that venue lies exclusively in Harris County under the Texas Family Code, Section 11.04(a) and (c)(3). This subdivision provides that a suit affecting the parent-child relationship shall be brought in the county where the child resides, and in the event the parents do not reside in the same county, the child's residence shall be in the county where the parent having care and control of the child resides.

■ In the mother's pleadings she states that she resides in Harris County, Texas with the child and that she had filed suit in Harris County. There is nothing in the record before us, however, to indicate the basis or nature of the Harris County suit or, more importantly, when it was filed. The general common law rule in Texas is that the trial court in which a suit for divorce is first filed acquires dominant jurisdiction to the exclusion of other coordinate courts. *Cleveland v. Ward*, 116 Tex. 1, 285 S.W. 1063 (1926). If the parties are parents of a child, or children, the law requires the petitioner to include in such divorce action a suit affecting the parent-child relationship unless the child is under the continuing jurisdiction of another court under Section 11.05 to the Code. See Tex. Family Code Ann. § 3.55(b) (1975). A subsequent suit involving the same parties and the same controversy (i.e., divorce and parent-child relationship) would have to be dismissed. *Curtis v. Gibbs*, 511 S.W.2d 263 (Tex.Sup.1974). See also Tex. Family Code Ann. § 11.071(d) (Supp.1978). If the mother's Harris County suit was a divorce action and if it was filed after the father's Matagorda divorce suit was filed, it would have to be dismissed.

■ The venue and transfer provisions contained in the Family Code are intended to supplant the general plea of privilege rules contained in our Rules of Civil Procedure. Therefore, the mother's plea of privilege is a misnomer and should properly be denominated as a motion to transfer the cause insofar as it affects the parent-child relationship. See *Rogers v. Rogers*, 536 S.W.2d 442 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ).

■ Even if we consider the mother's pleadings as a motion to transfer and even if the same had merit, such an appeal is not properly before us. An order either granting or denying the motion to transfer is non-appealable. Texas Family Code Ann., § 11.06(f); *Rogers v. Rogers*, 536 S.W.2d 442, 443 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ); *Guillory v. Davis*, 530 S.W.2d 870, 871 (Tex.Civ.App.—Beaumont 1975, writ dism'd); *Benckenstein v. Benckenstein*, 515 S.W.2d 336 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ dism'd). The remedy for an erroneous ruling on a motion to transfer is by petition for writ of mandamus. See *Cassidy v. Fuller*, 21 Tex. Sup.Ct.J. 325, 568 S.W.2d 845 (1978).

■ The Supreme Court in *Cassidy* identified the venue requirement in Section 11.04(a) of the Family Code as evidencing legislative intent to fix venue where the current circumstances affecting the child may usually be best shown. The Legislature manifested an exception to this general rule, however, where a suit involving a divorce is combined with a suit affecting the parent-child relationship. The residence of the child is irrelevant when the parent-child suit is initially filed as part of the divorce action under Section 3.55(b). This is also true where a parent files a motion in a court previously vested with continuing jurisdiction to transfer that parent-child suit to the divorce court where it will be consolidated with the divorce action under Section 3.55(c). The mandatory transfer provision of Section 3.55(c) shows that venue is proper for both the divorce and the parent-child relationship suits in the court which has jurisdiction of the divorce.

The transfer provisions of Sections 11.06(a) and 11.06(b) do not apply when venue is proper in the court in which the divorce and the parent-child relationship suit is pending. A discretionary transfer for the convenience of the parties and witnesses and in the interest of justice under Section 11.06 subdivision (c) was discussed by the Supreme Court in *Cassidy*. Such a transfer was not requested by appellant in the trial court.

Forum shopping is discouraged by our appellate courts and is forestalled by statutes providing certainty of venue and mandatory transfer as indicated by the Supreme Court in *Cassidy*. Certainty of venue is prescribed for divorce cases in Sections 3.21 and 3.55 of the Family Code.

The appeal is accordingly dismissed.