Ronald **BEYER** and Angela Beyer, Appellants,

v.

David **DIAZ**, Brenda Starr Diaz, and Dixie Marie Hensley, Appellees.

No. 20070.

Court of Civil Appeals of Texas, Dallas.

July 30, 1979.

**360**

J. Preston Brashear, III, Garland, for appellants.

Burt Barr, Dallas, L. L. Geren, Groesbeck, for appellees.

Before AKIN, ROBERTSON and HUMPHREYS, JJ.

HUMPHREYS, Justice.

This is a motion by appellees to dismiss this appeal. Appellees filed pleas of privilege in a suit affecting the parent-child relationship, and the pleas were sustained. The question is whether we must dismiss this appeal because the proceeding below was not an appealable plea of privilege governed by Tex.R.Civ.P. 86–89, but instead was a non-appealable transfer proceeding governed by Tex.Fam.Code Ann. § 11.06 (Vernon 1975). We hold that it was a transfer proceeding and thus not appealable. Accordingly, we dismiss the appeal.

Appellants brought suit to terminate the parental rights of a mother and the probable father. The maternal grandmother was also joined as a person with possible interest in the child. The appellees filed separate pleas of privilege to be sued in Limestone County, the county of their residence, and these pleas of privilege were sustained. Appellees now contend that their pleas of privilege were actually motions for transfer under the Texas Family Code. Appellants argue that these should be considered pleas of privilege because they were so considered by the parties and the court below. They also argue that the appellees are now estopped from claiming these are motions to transfer because they successfully asserted that these were pleas of privilege below.

Section 11.06(a) of the Family Code provides:

> If venue is improperly laid in the court in which a suit affecting the parent-child relationship is filed, and no other court has continuing jurisdiction of the suit, the court, on the timely motion of any party other than the petitioner, and on a showing that venue is proper in another county, shall transfer the proceeding to the county where venue is proper.

The court may transfer also for the convenience of the parties. Section 11.06(f) declares "[a]n order transferring or refusing to transfer the proceeding is not appealable." The transfer procedures in section 11.06 were designed to supplant the regular venue rules in the Texas Rules of Civil Procedure. *Brown v. Brown*, 566 S.W.2d 378, 380 (Tex.Civ.App.—Corpus Christi 1978, no writ); *Rogers v. Rogers*, 536 S.W.2d 442, 443–44 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ). In *Brown*, the mother's plea of privilege was denied and she appealed. The court stated, "the mother's plea of privilege is a misnomer and should properly be denominated as a motion to transfer the cause . . . ." 566 S.W.2d at 380. The appeal was dismissed because a transfer order is not appealable. Similarly, we hold that the pleas of privilege here were motions to transfer and that the grant of the tranfers is non-appealable.

In support of their contention that the order is appealable, appellants cite *Adair v. Patterson*, 551 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ), which affirmed a denial of a husband's plea of privilege in a suit by his former wife for increased child support. Although the court followed the venue rules in Tex.Fam. Code Ann. § 11.04 (Vernon 1975), it did not discuss the transfer rules or the question of appealability. Apparently, the issue was

not presented. Consequently, we do not regard *Adair* as supporting the proposition that venue transfers in suits affecting the parent-child relationship are appealable.

 We also reject appellants' estoppel argument. Appellants may have a remedy through mandamus for an erroneous ruling on motion to transfer, *Cassidy v. Fuller*, 568 S.W.2d 845, 847 (Tex.1978), or they can appeal on this ground after trial on the merits. They have not relied to their detriment on appellees' designation of their motions as pleas of privilege. They still have the same remedies that they would have had if the hearing had been properly termed a hearing on motions to transfer. Additionally the parties relied on the venue rules of Tex. Fam.Code Ann. § 11.04 in this proceeding and were therefore not misled by the improper designation of the motions as pleas of privilege.

Appeal dismissed.