**James B. MAGILL and in the Interest of David Michael Magill and James Mark Edward Magill, Children, Appellants,**

v.

**Beverly and Robert SHEFFIELD, Appellees.**

**No. 20735.**

Court of Civil Appeals of Texas, Dallas.

Feb. 13, 1981.

Neil Brans, Dallas, for appellants.

John A. Willoughby, III, Mary-Anne York, Dallas, for appellees.

Before GUITTARD, C. J., and ROBERTSON and STEPHENS, JJ.

GUITTARD, Chief Justice.

This appeal was taken from an order overruling a plea of privilege in a proceeding for protective orders to prevent family violence, filed under title 4 of the Texas Family Code (Vernon Supp.1981). Appellees, who were applicants in the trial court, moved to dismiss the appeal for want of jurisdiction on the ground that the order complained of is not appealable because of section 11.06(f) of the Code, which provides that orders refusing to transfer suits affecting the parent-child relationship filed under title 2 of the Code are not appealable. We conclude that the proceeding, though containing some of the aspects of a suit affecting the parent-child relationship, is not brought under title 2, but is a proceeding for protective orders under title 4, which has its own special venue provisions. Consequently, we hold that the order overruling the plea of privilege is a venue order appealable under article 2008 of the Texas Revised Civil Statutes (Vernon 1964). In the absence of a timely controverting plea, we reverse the order and transfer the proceeding to Dallas County.

The application for protective orders was filed in the 219th District Court of Collin County by Beverly and Robert Sheffield, who are not related to the two children for whom protective orders are requested. The application states the facts as follows. The parents of the children in question were divorced and the mother was appointed managing conservator by the 199th District Court of Collin County. She died on October 11, 1979. The children then went to live with their father, the respondent, who had been named possessory conservator. The application alleges that the father had physically abused and assaulted the children, who were taken to the home of applicants, where they now reside. The application also asserts that there is a clear and present danger that respondent will commit family violence, and will injure, harm, and harass the children and cause them and the applicants immediate and irreparable physical injury, loss and damage. The applicants pray that the court issue an immediate ex parte order prohibiting respondent from

hurting, harming, assaulting, or in any manner causing physical injury to the children, communicating with them directly or indirectly, going near their residence or place of employment, or interfering with the applicants' possession of the children. They also pray that the court "designate Applicants as the persons with the temporary right to custody and possession of the children," and that the court issue "such additional orders pursuant to Chapter 71 of the Texas Family Code that it deems necessary and appropriate for the protection of the children."

The court granted temporary protective orders ex parte, and subsequently continued them in force pending further orders of the court. The father filed a plea of privilege, but applicants filed no controverting plea within the ten days prescribed by rule 86 of the Texas Rules of Civil Procedure. A late controverting plea was filed with leave of the court, but the court struck it on respondents' motion at the beginning of the venue hearing. No evidence was offered at the hearing. The court then overruled the plea of privilege and ordered the case transferred to the 199th District Court of Collin County. The court continued the temporary protective orders in effect "until further orders by the said 199th District Court." Respondent appealed to this court, and applicants moved to dismiss the appeal for want of jurisdiction.

■ The first question presented is whether an application for protective orders brought under title 4 of the Texas Family Code, sections 71.01–71.19, must be transferred to the court of continuing jurisdiction, as defined by section 11.05 of the Code, if the children for whose protection the orders are sought are subject to the continuing jurisdiction of another court. From an examination of the provisions of title 4, we conclude that a proceeding for protective orders brought under that title is an independent remedy which is not limited to the court having continuing jurisdiction. To the contrary, section 71.03 provides:

An application may be filed:

(1) in the county where the applicant resides; or

(2) in the county where an individual alleged to have committed family violence resides.

The content of an application for protective orders is specified in section 71.05. Such an application must state, among other matters, the facts and circumstances concerning the alleged family violence and must request one or more protective orders. If the application requests a protective order for a child subject to the continuing jurisdiction of a court under title 2, a copy of the orders affecting conservatorship, possession or access must be filed with the application, or the application must state that the orders are unavailable and that a copy will be filed with the court before the hearing.

The types of protective orders authorized are specified in section 71.11 which is closely followed by the prayer of the present application. Section 71.11(a)(1) authorizes orders prohibiting a party from committing family violence, from communicating with a member of the family directly or indirectly, from going to or near the residence or place of employment or any other place a member of the family may be, and "from removing a child member of the family from the possession of a person named in the court order."

According to section 71.13(a), such orders are effective for the period specified in the order, not to exceed one year. Under section 71.15, temporary ex parte orders may be effective for a period of not more than twenty days, and may be extended for additional twenty-day periods.

Legislative intent to provide an independent remedy under title 4 is shown by provisions expressly recognizing the possibility of a conflict between orders issued under title 4 and orders under other provisions of the Code. As already noted, section 71.05 requires that when protective orders are sought for the protection of children subject to the continuing jurisdiction of another court, any orders for conservatorship, possession or access are to be attached to the application. Section 71.11(c) further pro-

vides that a protective order made under that section is invalid and unenforceable to the extent that it conflicts with any other court order made under subtitle A, title 2, of the Code. Similarly, section 71.13(b) provides that an order of a court having jurisdiction of a suit for divorce or annulment prevails over any conflicting provision of an order made under title 4. On the other hand, section 71.15(f) provides that a temporary ex parte order made under title 4 prevails over any court order made under title 2, except that any conflicting provision of such a temporary order shall be vacated on motion. Finally, section 71.19 provides that the remedies provided by title 4 are cumulative of other remedies provided by law.

From these provisions it is clear that the expeditious remedy of protective orders against family violence is available in any county where either the applicant or the respondent resides, even though the children for whom the protective orders are sought may be subject to the continuing jurisdiction of another court under title 2. Consequently, transfer of such a proceeding is an appealable venue order governed by article 2008 of the Texas Revised Civil Statutes (Vernon 1964) rather than a non-appealable transfer governed by section 11.06(f) of the Family Code.

■ The second question is whether the application in this case is properly a proceeding under title 4 rather than a "suit affecting the parent-child relationship" under title 2. We conclude that the allegations and prayer of the application bring it clearly within title 4. The application states the grounds for relief specified in section 71.05 and prays specifically for the type of protective orders authorized by section 71.11(a)(1). It also prays for the temporary ex parte relief authorized by section 71.15. The amended application alleges that a copy of the order concerning conservatorship of the children will be filed before the hearing, as required by section 71.05(d). In view of these allegations and prayers, we cannot accept applicants' argument that their application is in substance a suit af-

fecting the parent-child relationship under title 2. Having explicitly invoked the power of the court to issue the protective orders authorized by title 4, they cannot avoid the venue provision in section 71.03 of that title and defeat respondent's plea of privilege by asserting that the proceeding is actually a suit affecting the parent-child relationship under title 2. The term "suit affecting the parent-child relationship" is defined in section 11.01(5) as follows:

'Suit affecting the parent-child relationship' means a suit *brought under this subtitle* in which the appointment of a managing conservator or a possessory conservator, access or to support of a child, or establishment or termination of the parent-child relationship is sought. [Emphasis added.]

Under this definition, not every proceeding concerning possession or support of a child is a "suit affecting the parent-child relationship" subject to the continuing jurisdiction of the divorce court within section 11.05. It must actually be brought under subtitle A of title 2 of the Code. *Adwan v. Adwan*, 538 S.W.2d 192, 194 (Tex.Civ.App.—Dallas 1976, no writ). Since the present proceeding is brought under title 4 rather than title 2, it is not subject to the continuing jurisdiction of the 199th District Court.

We recognize that in one respect the application asks for relief not expressly authorized by title 4. It prays that the court "designate Applicants as the persons with the temporary right to custody and possession of the children." This relief is similar to the temporary relief authorized by section 11.11 in title 2. Nevertheless, this prayer does not establish that the proceeding is one brought under title 2 rather than under title 4. The application requests nothing more than the relief authorized by necessary implication in title 4. A protective order prohibiting a person from "removing a child ... from the person named in the court order," as authorized by section 71.11(a)(1)(D), must necessarily name a person with the temporary right of possession. The application in question requests nothing further with respect to possession or conservatorship.

Applicants rely on *Rogers v. Rogers,* 536 S.W.2d 442 (Tex.Civ.App.—Houston [14th Dist.] 1976, no writ), in which it was held that a motion to modify a divorce decree by appointing a managing conservator and increasing the amount of child support was a "suit affecting the parent-child relationship," and therefore was not subject to a plea of privilege, even though the motion did not meet the requirements of section 11.08 of the Code. That decision is not persuasive here because it was rendered before title 4 was enacted and the motion in *Rogers* did not seek any relief other than that authorized by title 2.

We recognize that a proceeding seeking to deny a parent access to his child and authorized another person to have possession is, in a broad sense, one which affects the parent-child relationship. Nevertheless, the legislature, by enacting title 4, has expressly provided an independent remedy for protective orders in addition to the remedies available under title 2. Except with respect to temporary ex parte orders, the legislature has limited the court's authority to orders that do not conflict with any order of a court of continuing jurisdiction. Any potential conflict of jurisdiction, therefore, is minimized. It might be advisable to insert in title 4 a provision authorizing the court to transfer the proceeding to the court of continuing jurisdiction, rather than to consider the respondent's plea of privilege, but we find no authority for such a transfer in the Code as it stands. Any argument, in this respect, therefore, must be addressed to the legislature rather than to the courts.

We do not pass on whether the order in question is invalid and unenforceable under section 71.13(b) insofar as its denial of the father's access to the children is in conflict with the order of the 199th District Court appointing the father possessory conservator. The only questions before us on this interlocutory appeal are whether the order in question is an appealable order overruling a plea of privilege, and, if so, whether the plea of privilege was properly overruled. *Johnson v. Sharpstown State Bank,* 508 S.W.2d 73 (Tex.1974).

For the reasons stated, we hold that the proceeding is governed by section 71.03 of the Code and by rules 86 and 87 of the Rules of Civil Procedure, rather than by section 11.06. Consequently, the order is one overruling the plea of privilege and is an appealable interlocutory order under article 2008 of the Texas Revised Civil Statutes (Vernon 1964). Accordingly, we overrule the motion to dismiss the appeal and proceed to the question of whether respondent's plea of privilege was properly overruled.

It is well settled that when a defendant files a plea of privilege and the plaintiff does not file a timely controverting plea, the plea of privilege must be sustained and the cause must be transferred to the county of the defendant's residence. *Bogle v. Landa,* 127 Tex. 317, 94 S.W.2d 154, 155 (1936); *John E. Quarles Co. v. Lee,* 58 S.W.2d 77, 79 (Tex.Comm'n App. 1933, holding approved); *Johnson v. Dallas Cooperage & Woodenware Co.,* 120 Tex. 27, 34 S.W.2d 845, 847 (1931); *Belcher v. Ramirez,* 578 S.W.2d 491, 494 (Tex.Civ.App.—Corpus Christi 1979, no writ). In this case, after the court struck the controverting plea, it had nothing before it at the venue hearing but respondent's plea of privilege. Consequently, the court erred in failing to sustain the plea and transfer the suit to the county of respondent's residence. In this connection, we have no cross-point before us complaining of the court's action in striking the controverting plea. Consequently, we cannot consider whether that action was proper. Neither do we have before us any question concerning the validity of the temporary protective orders issued by the court. Those orders are undisturbed, notwithstanding transfer of the proceeding to Dallas County.

The motion to dismiss the appeal is overruled, the order overruling the plea of privilege is reversed, the plea of privilege is sustained, and the proceeding is transferred to a district court of Dallas County.