**BULLET CONCRETE MATERIALS, INC., Appellant,**

v.

**LOYD W. RICHARDSON CONSTRUC- TION CO., Appellee.**

**No. 13-83-045-CV.**

Court of Appeals of Texas, Corpus Christi.

July 6, 1983.

Harold Denton, Jr., Conroe, for appellant.

Allen S. Lawrence, Jr., Aransas Pass, for appellee.

Before NYE, C.J., and YOUNG and KENNEDY, JJ.

## OPINION

YOUNG, Justice.

In this venue case, appellee sued appellant for collection of certain fees allegedly due and owing under a dredging contract, and for the foreclosure of a mechanic's and materialman's lien against certain properties allegedly owned by appellant. Appellant filed a plea of privilege to be sued in the county of its corporate residence, Montgomery County. Appellee filed a controverting plea alleging venue to be proper in Aransas County, under Subdivision 12 to Article 1995, Tex.Rev.Civ.Stat.Ann. (Vernon 1964). The trial court sustained appellee's controverting plea. We affirm.

The parties entered into a contract whereby appellee was to perform dredging services for appellant on property owned by appellant and located in Aransas County. It is undisputed that the work was done by appellee.

Appellant's first point of error is general in nature, is unsupported by argument and the only authority cited is a general cite to the venue statute. Rule 418(e), Tex.R. Civ.P. This point can be combined, however, with appellant's third point of error to present the question of whether the trial court erred in overruling the plea of privilege because under Subdivision 12 Article 1995, a valid lien must be proved. Subdivision 12 of Article 1995 provides that a suit for foreclosure of a lien may be brought in the county where the property subject to such lien is situated.

██ Generally, all that must be proven under subdivision 12 is that the suit was for foreclosure of a lien and that the land in question is in the county where the controverting plea asserts venue to be proper. *Burt v. Bill Lisle Drilling Co.*, 401 S.W.2d 267 (Tex.Civ.App.—Fort Worth 1966, writ dism'd). Where the movant asserts that the lien is invalid he must prove that: (1) the lien does not exist (2) that the plaintiff knew or should have known that the lien was invalid at the time he filed suit. *Hagan v. Anderson*, 513 S.W.2d 818 (Tex.1974).

██ After carefully reviewing the record we find that appellant has totally failed to prove that appellee knew or should have known that the lien was invalid. Without expressing any opinion about the validity of appellee's lien, we find no evidence of appellee's knowledge of its invalidity. The record shows that the legal description used by appellee in filing the lien was provided appellee by appellant through the Corps of Engineers' permit obtained by appellant for appellee to commence its dredging. Appellee alleged he had a valid lien in Aransas County and appellant failed to prove he knew or should have known the lien was invalid. Appellant's points of error one and three are overruled.

In his second point of error appellant complains that appellee's controverting plea was improper for failing to state that the property subject to the lien was in Aransas County. Appellee's controverting plea states that the suit is for foreclosure of a lien duly filed and recorded in Aransas County and that venue is proper in Aransas County under subdivision 12 of Article 1995.

██ Rule 86, Tex.R.Civ.P. states that a controverting plea must set out specifically the grounds relied upon to confer venue of such cause on the court where the cause is pending. We find that appellee's controverting plea is sufficient to comply with this rule. Noting that the complaint raised by appellant in this point of error should have been raised by special exception, *Angelo Exploration Corp. v. Grayshon*, 576 S.W.2d 151 (Tex.Civ.App.—Corpus Christi 1978, no writ), we find that appellee's controverting plea sets out the venue facts required by subdivision 12 and is therefor proper. *Adair v. Patterson*, 551 S.W.2d 110 (Tex.Civ.App.—Houston [1st Dist.] 1977, no writ). Appellant's second point of error is overruled. The judgment of the trial court is affirmed.