

# THE ATTORNEY GENERAL
## OF TEXAS

August 16, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable Joe Warner Bell                    Opinion No. JM-939
Trinity County Attorney
P. O. Box 979                                Re:  Whether a district clerk
Groveton, Texas   75845                      may charge a  fee for  filing
                                             transfer papers  in  a  child
                                             support  enforcement   action
                                             (RQ-1466)

Dear Mr. Bell:

     You ask whether a district  clerk may charge a fee  for
filing  papers  in  a   child  support  enforcement   action
transferred pursuant to section 11.06 of the Family Code.

     When a court acquires jurisdiction of a suit  affecting
the  parent-child   relationship,  it   retains   continuing
exclusive jurisdiction of all the parties and issues  unless
an exception  exists under  section 11.06  or 17.06  of  the
Family Code.   Fam. Code § 11.05.

     Your question   concerns the   transfer of   a case   under
subsection (b) of section 11.06  of the Family Code,  which,
among other things, addresses a transfer of a proceeding  to
the county where  a child has  moved and currently  resides.
Under your scenario it appears  that prior to the change  of
residence of the child an order for support had been entered
by the transferring court.

     Subsection (k) of section 11.06 states:

          A court to which  a transfer is made  becomes
          the court of continuing jurisdiction, and all
          proceedings in the suit  are continued as  if
          it were brought there originally.  All  judg-
          ments, decrees, and orders transferred  shall
          have the same  effect and be  enforced as  if
          originally entered in the transferee court.

See Fassy v.  Kenyon, 675  S.W.2d 217 (Tex.  App. -  Houston
[1st Dist.] 1984, no writ).

Texas Rule of Civil Procedure 89 provides that a court may dismiss a case transferred on a change of venue if a new filing fee is not paid. Section 14.13 of the Family Code, however, addresses the matter of filing fees to be collected when a motion for enforcement of an order is filed. Section 14.13[1] provides:

> No additional filing fee may be collected or required in a suit affecting the parent-child relationship when a party to the suit files a motion to modify a decree under Section 14.08 of this code, or when a motion for the enforcement of an order is filed under Section 14.09 or 14.091 of this code. This section does not prohibit the clerk from collecting a deposit in the amount set by the clerk as in other cases for payment of expected costs and other expenses arising in the proceeding. (Emphasis added.)

Section 14.13 was construed in Attorney General Opinion JM-396 (1985) where it was stated:

> That provision makes clear that the district clerk may not charge a fee for a motion to modify a decree or a motion for enforcement of an order in a suit affecting the parent-child relationship. Apparently the district clerk's question arose because of uncertainty about the interpretation of the phrase 'no additional filing fee' in that provision. We think that the word

---

1. Another provision also labeled section 14.13 of the Family Code provides:

> A clerk, auditor, sheriff, or other government officer or employee may not charge a fee or other amount for services rendered in connection with an action or proceeding in which the attorney general of this state is representing a party for the purpose of obtaining child support.

In Attorney General Opinion JM-396 (1985) it was concluded that the two sections are not in conflict and the "overlap in labeling is nothing more than a clerical error. Thus, both amendments are valid."

'additional' is a reference to the initial filing fee in the suit affecting the parent-child relationship. <u>In effect, the provision means that the cost of filing motions to modify or motions to enforce orders is covered by the initial filing fee</u>. (Emphasis added.)

When a party to a suit affecting the parent-child relationship desires to seek modification or enforcement of a decree, the legislature has provided that no additional fee is to be collected in the suit. The legislature has not excused a party merely from paying a filing fee for the motion for modification or enforcement, but instead has excused a party who files a motion from <u>all additional filing fees in the suit</u>. This provision makes sense. If the child has moved, a transfer may be necessary to adjudicate any motion for modification or enforcement of the decree governing the parent-child relationship. The legislature wants no filing costs attached to seeking modification or enforcement. Thus, the legislature has provided that a party who seeks modification or enforcement of a decree need not pay a fee for filing the necessary motions or a fee for the transfer necessary to adjudicate such motions.

Your concern is how to resolve the conflict between Texas Rule of Civil Procedure 89 and section 14.13 of the Family Code. We believe that the Family Code controls. In <u>Beryger v. Diaz</u>, 585 S.W.2d 359 (Tex. Civ. App. - Dallas 1979, no writ), a motion to transfer was granted in a proceeding concerning the parent-child relationship pursuant to the provisions of section 11.06. The appellants contended that they were entitled to an appeal under the then Rules of Civil Procedure in that the action of the trial court amounted to a change of venue in a plea of privilege proceeding. In dismissing the appeal the appellate court held that the transfer procedures in the Family Code were designed to supplant the regular venue rules in the Rules of Civil Procedure. Based upon this authority, we conclude that the cost provision of section 14.13 of the Family Code supplants the cost provision of Texas Rule of Civil Procedure 89.

## S U M M A R Y

A district clerk  may not  charge a  fee for filing papers in a child support enforcement action transferred  under section  11.06 of the Family Code.

Very truly yours,

JIM  MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tom G. Davis
Assistant Attorney General