

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-22-00462-CV

_____

DAVID CLARK, Appellant

V.

A.H., Appellee

_____

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-725380-22

_____

Before Sudderth, C.J.; Birdwell and Walker, JJ.
Memorandum Opinion by Justice Birdwell

## MEMORANDUM OPINION

David Clark appeals from a Family Code protective order granted to A.H. In a single issue, he contends that the trial court erred by determining that venue was proper in Tarrant County. Because we determine that Clark waived his venue challenge, we affirm the protective order.

### Procedural Background

A.H. filed a pro se application for a Family Code protective order. She alleged that Clark had physically assaulted her twice at their residence, which she alleged was located in Tarrant County.

The trial court issued a temporary ex parte protective order and then set a final hearing for November 17, 2022. Clark filed an original answer on November 7, 2022. In it, he entered a general denial; specifically denied that A.H. could prove a protective order's elements; and sought attorney's fees, expenses, and costs. Seven days later, Clark filed an amended answer with the same allegations but with the following addition: "Respondent challenges venue in Tarrant County. The proper venue is in Johnson County, Texas." In his prayer, Clark asked the trial court to "dismiss th[e] suit for lack of proper venue."

At the final hearing, Clark again raised the venue issue; his counsel stated that the alleged incidents had occurred in Johnson County, advocated that the case should be heard in Johnson County, and told the trial judge, "[O]ur position today is that

they may refile in Johnson County . . . ." A.H.'s counsel[1] responded that Clark had waived the venue complaint by failing to include it in his original answer. Clark then argued that because his amended answer supplanted his original answer, *see* Tex. R. Civ. P. 65, he had not waived his venue challenge. The trial court let the case proceed: "You can put on your testimony about the Tarrant County family violence, and if it doesn't hold up then I'm going to recess the hearing and move it down to Johnson County."

At the hearing, A.H. testified that when she filed the application, she thought that their home's physical address—where she alleged the family violence had occurred—was in Tarrant County, but she later learned that it is located in Johnson County.

**Venue Challenge Waived**

Title 4 protective-order proceedings are subject to Civil Procedure Rule 86. *See Guerrero v. A.C.G.*, No. 08-22-00042-CV, 2023 WL 2589697, at *1 (Tex. App.—El Paso Mar. 21, 2023, no pet.) (mem. op.); *Magill v. Sheffield*, 612 S.W.2d 677, 681 (Tex. App.—Dallas 1981, no writ). According to Rule 86(1), a party waives a venue objection if he does not file a written motion "prior to or concurrently with any other plea, pleading or motion except a [Rule 120a] special[-]appearance motion." Tex. R. Civ. P. 86(1). Thus, Rule 86(1) "demands a due order of pleading to prevent the court from proceeding on 'matters related to the merits' before determining whether venue

_____

[1]By this time, A.H. had engaged counsel.

3

is proper." *Gordon v. Jones*, 196 S.W.3d 376, 384 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (quoting *Glover v. Moser*, 930 S.W.2d 940, 941 (Tex. App.—Beaumont 1996, writ denied)). A party who files a general denial before filing a venue challenge waives that challenge. *See id.*; *see also Goepp v. Comerica Bank & Tr., N.A.*, No. 03-19-00485-CV, 2021 WL 2878562, at *3 (Tex. App.—Austin July 9, 2021, no pet.) (mem. op.); *Sutton v. State Bar of Tex.*, 750 S.W.2d 853, 855 (Tex. App.—El Paso 1988, writ denied); *cf. Wade v. TBF Fin., LLC*, No. 03-18-00370-CV, 2019 WL 1051599, at *1–2 (Tex. App.—Austin Mar. 6, 2019, no pet.) (mem. op.) (holding that party who challenged venue contemporaneously with answer but who sought dismissal instead of venue transfer waived venue challenge).

Here, Clark first challenged venue in his amended answer,[2] filed seven days after his original answer, which had included general and specific denials, as well as a request for attorney's fees, expenses, and costs. And although in his amended answer Clark identified Johnson County as the proper venue location, he never asked the trial

---

[2]Generally, an amended pleading supersedes the original. *E.g.*, *Denton Cnty. Elec. Co-op., Inc. v. Hackett*, 368 S.W.3d 765, 772 (Tex. App.—Fort Worth 2012, pet. denied) (citing Tex. R. Civ. P. 65). But a later-filed amended pleading cannot excuse a party from following a due-pleading-order requirement imposed by another rule. *Cf. Napoli, Bern, Ripka, Shkolnik & Assocs., LLP*, No. 14-18-00420-CV, 2019 WL 2589885, at *6 (Tex. App.—Houston [14th Dist.] June 25, 2019, no pet.) (mem. op.) (stating—in context of holding that amended special appearance, which omitted exhibits attached to original special appearance, did not supplant original's exhibits—that "a special appearance provides a means to avoid being subjected to or having to file a pleading" and citing Tex. R. Civ. P. 120a, which subjects special-appearance motions to due order of pleadings); *Mann v. Kendall Home Builders Constr. Partners I, Ltd.*, 464 S.W.3d 84, 91 (Tex. App.—Houston [14th Dist.] Apr. 2, 2015, no pet.) (holding that Rule 65 did not prohibit Rule 13 sanctions based on original-but-later-amended pleading).

court to transfer the case. Thus, Clark waived his venue challenge and sole appellate complaint. We overrule his issue.

## Conclusion

Having overruled Clark's sole issue, we affirm the trial court's judgment.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  August 10, 2023